HERBERT L. SWITZER *vs.* PETER TURANSKY ET AL.

First Judicial District, Hartford, May Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, JS.

In an action of replevin, the defendant is not entitled to damages unless
    he pleads a counterclaim under § 6100 of the General Statutes
    and then his recovery is restricted to such damages as arise from
    the act of replevy.

Argued May 6th—decided June 2d, 1924.

ACTION of replevin for certain dole skins, brought
before a justice of the peace and thence by the defend-
ants' appeal to the Superior Court in Windham County
and tried to the court, *Marvin, J.;* facts found and
judgment rendered for the defendants to recover $20
damages, from which the plaintiff appealed. *Error;
judgment to be entered for defendants for costs.*

*Samuel B. Harvey,* for the appellant (plaintiff).

*Thomas J. Kelley,* for the appellees (defendants).

PER CURIAM. The plaintiff, in July, 1922, delivered
three skins to the defendants upon an agreement that
the defendants should make them into a lady's coat,
the plaintiff furnishing the lining, for $25. Subse-
quently it was agreed that the defendants should
furnish the lining at an additional cost of $5. In
December, 1922, the plaintiff demanded the skins from
·the defendants but refused to pay for the work done
thereon or the linings furnished which were reasonably
worth $20, no part of which had been paid. The de-
fendants were at all times ready and willing to deliver
the skins and lining to the plaintiff upon payment of

the $20, for which amount they claimed a lien on these materials.

On December 5th, 1922, the plaintiff replevied the skins, but demanded no damage upon such replevy.

The court reached the conclusions that the defendants at the time of the replevy had a lien upon these materials for the value of the lining and for the labor performed, and that the amount of $20 is due from the plaintiff to the defendants for the lining and labor. Upon the facts, the defendants had such lien and the plaintiff was not entitled to maintain his replevy. But the defendants were not entitled to recover in this action the reasonable value of the lining and labor found by the court to be $20, since only such damages are recoverable by a defendant in replevin as arise from the act of replevy. *Blakeslee Co.* v. *Rigo*, 94 Conn. 481, 109 Atl. 173. And further, no damages could be awarded by way of counterclaim since the defendants did not plead a counterclaim, as the trial court inadvertently assumed. The defendants' right to have pleaded a counterclaim in this action arose by virtue of General Statutes, § 6100, which provides: "In case the defendant claims a return of the goods or damages he shall make such claim by way of counterclaim."

There is error, the judgment is set aside and the Superior Court directed to enter its judgment in favor of the defendants for costs.