## VIRGINIA C. WILLIAMS
*vs.*
## ROBERT G. WILLIAMS

Court of Common Pleas    New London County    File No. 9472
(At Norwich)

MEMORANDUM FILED OCTOBER 28, 1942.

*William J. Willetts,* of New London, for the Plaintiff.

*Edmund J. Eshenfelder,* of New London, for the Defendant.

Memorandum of decision in action of replevin.

FITZGERALD, J. This is an action of replevin instituted by a former wife against her former husband. The subject

matter of the action concerns title to, and right of possession of, a certain washing machine with equipment.

In early December, 1941, plaintiff and defendant were living together in New London as husband and wife. Their house-hold also included a baby, the issue of their marriage. Plain-tiff and the defendant former husband (plaintiff subsequently obtained a divorce decree in 1942, prior to the within action) together visited a store in New London where washing ma-chines could be purchased and selected the machine in question. The purchase, as such, was made by the husband under a con-ditional sales contract containing the usual provisions found in such contracts. It was the husband who was designated therein as the conditional vendee. It was the husband who made all payments to date under the contract of sale.

The subject matter of the conditional sale was delivered by the conditional vendor to the then home of the parties herein and used as occasion required by the wife. In the subsequent separation of the parties which culminated in divorce pro-ceedings the question of who was to have possession of the washing machine was never directly considered. The husband, however, continued to keep up payments due under the con-ditional sales contract, and plaintiff continued in sole physical control of the machine for some time after the separation, which occurred early in the present year. In passing it might be noted that the plaintiff wife, in the subsequent divorce action, withdrew all claims to an award for alimony in con-sideration of the defendant withdrawing his cross complaint asking for a divorce decree in his favor.

In this action plaintiff bases her claim of title and right of possession in and to said washing machine on the theory of a Christmas gift of the subject matter from her husband in December, 1941. This claim is overruled by the court. *There was no specific gift in fact from defendant to plaintiff.*

The remaining question to be considered is whether joint possession of the washing machine by both plaintiff and de-fendant after defendant acquired the right to have the same installed in his home upon the execution of the conditional sales contract by him, confers upon his former wife (the plain-tiff herein) a superior right to possession after their marital union terminated by separation followed by divorce pro-ceedings.

Were the court to indulge in sentimental reflections and be guided by a man's attitude that a woman is probably more right than wrong where her husband—or former husband—is concerned, the controlling question in the case would be decided in favor of the plaintiff without a deep consideration of the legal rights of both parties. However, sentiment should not be permitted to control the determination and adjudication of an action at law.

The court concludes that defendant in the first instance derived title to the washing machine in question, subject of course to the terms and conditions of the conditional sales contract; that his qualified title is still in full force and effect because of his compliance with the terms of said contract; and that he is entitled to possession of said machine as against his former wife, the plaintiff herein. The annotation in 111 A.L.R. 1374, 1384 et seq., cited by defendant's counsel, has been helpful to the court in reaching this conclusion. So, also, the subordinate facts of the case and the relationship in law between defendant and the conditional vendor of the machine, can permit no other conclusion to be reached.

The last question relates to the form of the judgment to be entered.

Defendant simply filed a general denial by way of answer. Section 5953 of the General Statutes, Revision of 1930, reads: "No judgment for a return of the goods or for damages shall be given under a *mere denial of the acts complained of*, nor shall a judgment of return be rendered in favor of a defendant who has either filed a disclaimer *or not filed a counterclaim claiming a return of the goods replevied.*" (Italics added.) See, also, *Switzer vs. Turansky*, 101 Conn. 60; Gen. Stat. (1930) §5951.

Accordingly, the court cannot enter judgment directing the plaintiff return to defendant the washing machine in question. Neither can the court award damages to defendant.

Since defendant has prevailed on the issues the court can, and does, direct that judgment enter for defendant to recover his costs.

Whether or not defendant is entitled to move the court to reopen judgment for the purpose of amending his answer to conform to the aforesaid statutory requirement *de* return of

washing machine and damages, is a question not before the court at this writing.