GLORIA DEBRIZZI *v.* NICHOLAS J. GEORGETTE ET AL. (4366)

DUPONT, C. J., DALY and BIELUCH, Js.

Argued April 1—decision released July 14, 1987

*David M. Abbamonte,* for the appellant (plaintiff).

*Richard Emanuel,* with whom was *Frank J. Riccio,* for the appellees (defendants).

DALY, J. The plaintiff instituted this action to compel the defendants, the record title holders of certain real estate, to convey to her a one-half interest in those premises. The plaintiff also sought to enjoin the defendants from otherwise disposing of their interest in that property. The plaintiff appeals from the judgment rendered in favor of the defendants. The plaintiff claims that the judgment is erroneous since it is based only on the trial court's review of the transcript of the hearing previously held before a factfinder. We find no error.

The plaintiff claimed that the named defendant and his wife held title to said premises for the plaintiff and her former husband pursuant to an oral agreement. The matter was heard by a factfinder on two separate days during the fall of 1984. The only witnesses who appeared were the plaintiff and the named defendant. The factfinder failed to render a decision within 120 days of the completion of the hearing as required by Practice Book § 546G, and the parties refused to waive this limitation. The parties did agree, however, to have a Superior Court judge read a transcript of the hearing held before the factfinder, and to render a decision based on such reading.[1] The trial court thereafter rendered judgment for the defendants on all issues.[2]

---

[1] We note that there is a reference to a mistrial on the docket sheet in the trial court file of this case. Neither the trial court's memorandum of decision nor the judgment rendered refers to a mistrial.

The cover sheet of the trial court file states: "To be decided by *Jacobson, J.* on transcript & briefs per stipulation of F. Riccio and D. Abbamonte." Both parties acknowledged in their briefs and at oral argument in this court that they had agreed to submit the transcript to the trial court judge for decision.

[2] The trial court's conclusions included inter alia the following:

"(7) The alleged agreement between the parties was never put in writing.

"(8) The alleged agreement would be in violation of the Statute of Frauds.

The court found that the plaintiff and her former husband were married in April, 1964. In August of that year, the defendants purchased the premises at 275 Oceanview Terrace as a business investment. The court found further that the defendants rented the premises to the plaintiff and her former spouse in consideration of their paying the monthly mortgage installments, insurance, taxes and cost of repairs. There was no written agreement between the parties.

The plaintiff challenges only the trial court's conclusion that "[t]he evidence presented in this case makes it substantially more likely than not that the defendants' version of the agreement between the parties was correct. The plaintiff did not sustain her burden of proof."

On appeal, the plaintiff claims that the trial court was not entitled to render judgment based on an evaluation of the credibility of the witnesses since they did not appear before it, but only before the factfinder. The plaintiff claims further that the court erred in rejecting her uncontradicted testimony regarding an oral agreement with the defendant Frances Georgette since Frances Georgette did not testify.

The defendants argue that by allowing a Superior Court judge to read the transcript and render a decision thereupon, the plaintiff has waived any claim of error.

---

"(9) There was no resulting trust.

"(10) There was no constructive trust.

"(11) There was no promissory estoppel."

The plaintiff does not challenge any of those findings on appeal.

In addition, while there was some indication that the defendants had quitclaimed their interest in the premises to the plaintiff's former husband in 1978 on condition that the deed would be recorded only upon the payment by him of defendants' investment in the premises, plus expenses and a reasonable profit on the investment, that is not part of the findings or conclusions of the trial court.

We agree with the defendant that the plaintiff cannot be heard to complain about the procedure followed since that procedure was agreed upon and stipulated to by her counsel. *State* v. *Ross,* 189 Conn. 42, 47, 454 A.2d 266 (1983); *State* v. *Cassidy,* 3 Conn. App. 374, 387, 489 A.2d 386, cert. denied, 196 Conn. 803, 492 A.2d 1239 (1985). We therefore will not review the plaintiff's claim that the trial court was not entitled to render judgment based on the credibility of the witnesses as gleaned from the transcript of the factfinder's proceedings.

We also reject the plaintiff's claim that the court erred in rejecting her uncontradicted testimony regarding an oral agreement with the named defendant's wife. The trier is free to accept or reject, in whole or in part, the testimony offered by either party. *State* v. *Haddad,* 189 Conn. 383, 389, 456 A.2d 316 (1983); *Filosi* v. *Hawkins,* 1 Conn. App. 634, 641, 474 A.2d 1261 (1984).

There is no error.

In this opinion the other judges concurred.