## SANDRA M. FAULKNER *v.* MARINELAND, INC.
## (6707)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued December 14, 1988—decision released March 28, 1989

*Kenneth E. Taylor,* for the appellant (defendant).

*John R. Bryk,* with whom, on the brief, was *Linda R. Stark,* for the appellee (plaintiff).

DUPONT, C. J. This is an appeal by the defendant from a judgment in favor of the plaintiff in an action of replevin to regain possession of two boats, a trailer and an outboard motor. The plaintiff claimed damages for wrongful detention and the defendant counterclaimed for storage charges and interest. The case was referred to an attorney trial referee who found that the plaintiff was entitled to possession of the two boats, trailer and motor. The referee also found damages for the plaintiff arising from the defendant's wrongful detention of the property in the amount of $714.13 in taxes, insurance and registration fees and $5000 in depreciation. The trial court accepted the attorney trial referee's report and rendered judgment for the plaintiff. The defendant claims that it was error (1) to award $5000 in depreciation value to the plaintiff, (2) to conclude that the defendant's counterclaim was limited to damages as a result of the replevy, and (3) to conclude that the defendant failed to prove unjust enrichment. There is no error.

The defendant first claims that there was error in the award of $5000 in depreciation value to the plaintiff. The defendant concedes, as it must, that depreciation in value during the period of detention is a proper element of damages in an action of replevin. *Staub* v. *Anderson,* 152 Conn. 694, 695, 211 A.2d 691 (1965). The defendant contends, however, that the amount of the award was unwarranted and not supported by the evidence presented.

The defendant did not file a motion to correct the findings of the attorney trial referee as required by Practice Book § 438, but did file an objection to the

acceptance of the trial referee's report, as required by Practice Book § 440, claiming that there was no evidence to support a depreciation figure of $5000, except for the testimony of the plaintiff's father who was not an expert. The trial court overruled the objection, stating that there was sufficient evidence to support the depreciation figure. The amount of depreciation to be awarded is a question of fact. Not having filed a motion to correct any of the facts or to add further facts to those found by the attorney trial referee, the defendant has waived any right to attack the subordinate factual findings in the report. *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 301–303, 552 A.2d 827 (1989); *Ruhl* v. *Fairfield,* 5 Conn. App. 104, 106, 496 A.2d 994 (1985).

The defendant next claims that it was error to conclude that the defendant's counterclaim for storage fees and interest was inappropriate. Relying on *Switzer* v. *Turansky,* 101 Conn. 60, 61, 124 A. 826 (1924), the attorney trial referee determined that the defendant's counterclaim for storage fees and interest did not arise out of the replevy and, therefore, these costs were not recoverable. The defendant argues that the plaintiff's failure to pay the storage fees and interest created a lien in favor of the defendant under General Statutes § 42a-7-201 et seq., and that this lien was eliminated, to the detriment of the defendant, by the plaintiff's action in replevin. The defendant did not claim during the trial that any such lien was created, however, and therefore we cannot consider this argument in reviewing the referee's conclusion that the defendant did not sustain damages arising out of the replevy. Accordingly, the attorney trial referee did not err in determining that the defendant's counterclaim for damages was limited to damages arising out of the replevy. General Statutes § 52-529; *Switzer* v. *Turansky,* supra.

The defendant's last claim relates to its second claim. The defendant argues that the attorney trial referee erred in concluding that the defendant failed to prove an unjust enrichment counterclaim for storage fees against the plaintiff. Even if the defendant had an allowable counterclaim for storage fees in an action for replevin, the referee found that the defendant presented no credible evidence to substantiate its claim of unjust enrichment. See *Burns* v. *Koellmer,* 11 Conn. App. 375, 384, 527 A.2d 1210 (1987). Weighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role. *Temple* v. *Meyer,* 208 Conn. 404, 407, 544 A.2d 629 (1988).

There is no error.

In this opinion the other judges concurred.