[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a claim by the plaintiff for damages against the defendant Kraftsman Group, Inc., a manufacturer and seller of corrugated display boxes. The plaintiff claims that these display boxes were manufactured in an unworkmanlike and negligent fashion. The defendant counterclaimed for the balance due on the sale to the plaintiff of said goods.
The matter was referred to Attorney W. A. Phillips, an attorney trial referee. General Statutes 52-434(a)(4); Practice Book 428 et seq. The attorney trial referee concluded that the plaintiff should recover nominal damages of $10.00 on its complaint, and that the defendant should recover $545.00 on its counterclaim.
The defendant moved to correct the report, Practice Book 438, but the referee declined to change his report in any material way. The defendant attempted to file a second motion to correct, well after the two weeks allowed for the filing of such a motion. Practice Book 438. The referee correctly concluded that he was not obliged to consider this latter motion because of its late filing, but went on to say that he would not correct his report even if the substantive merits of this untimely report were considered.
The defendant subsequently filed exceptions to the report, Practice Book 439, as well as objections thereto, Practice Book 440.
I believe this case presents a rather classic example of a dispute where the credibility of the witnesses, particularly one Leon Weinstock, an agent of the defendant, was at issue. Clearly the trier of fact heard conflicting evidence, and this defendant's request to overturn the referee's recommendations of fact and conclusions necessarily involves the scope of review of this court with respect to a CT Page 818 report of an attorney trial referee.
This subject was recently addressed in Pilato v. Kapur,22 Conn. App. 282, 283, ___ A.2d ___ (1990), which held that the trial court "was bound by the attorney referee's findings of fact" although not by his conclusions of law. The role of the attorney trial referee was also recently discussed in Dills v. Enfield, 210 Conn. 705, 714,557 A.2d 517 (1989), which held that (1) the trial court may not "retry the case;" (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "factfinding contrary to the report of the referee." Id., 716.
Viewed in the light of these standards, this court is not inclined to find any additional facts or to delete any of the facts found by the referee. He heard the witnesses and, as was stated by the Appellate Court in Faulkner v. Marineland, Inc., 18 Conn. App. 1, 4, 555 A.2d 1001
(1989): "[W]eighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." Furthermore, "[t]he trier is free to accept or reject, in whole or in part, the testimony offered by either party." DeBrizzi v. Georgette,11 Conn. App. 515, 518, 528 A.2d 407 (1987).
Moreover, as said recently in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250 (1989): "[a] reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id., 425.
In conclusion, the findings of fact and the conclusions by the attorney trial referee are accepted in accordance with Practice Book 443, as I find no material error in his recommendations, or any other reason why the report is unacceptable. I believe his conclusions of fact were "properly reached on the basis of the subordinate facts found."
Accordingly, judgment may enter for the plaintiff for $10.00 and for the defendant in the amount of $545.00.
SO ORDERED.
Dated at Stamford, Connecticut this Ninth day of August, 1990.
WILLIAM B. LEWIS, JUDGE CT Page 819