[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a claim by the plaintiff for property damage caused by a fire at her premises at 8 Washington Court, Stamford, occupied by the defendants Calvin and Blanche Birch as tenants. Plaintiff claims that the fire was caused by defendants' negligence.
The matter was referred to Attorney Kevin Tierney, an attorney trial referee. General Statutes 52-434 (a)(4); Practice Book 428 et seq. The attorney trial referee concluded that the plaintiff had failed to sustain her burden of proof that the defendants were negligent and that their negligence was the cause of the fire, and hence he recommended that judgment should enter for the defendants.
The plaintiff did not move to correct the report, Practice Book 438, but did file objections thereto, Practice Book 440.
I believe this case presents a rather classic example of a dispute where the credibility of the witnesses, particularly CT Page 816 the expert witnesses on the causation of the fire, was at issue. Clearly the trier of fact heard conflicting evidence, and this request to overturn the referee's recommendations of fact and conclusions necessarily involves the scope of review of this court with respect to a report of an attorney trial referee.
The subject was recently addressed in Pilato v. Kapur, 22 Conn. App. 282, 283, ___ A.2d ___ (1990), which held that the trial court "was bound by the attorney referee's finding of fact" although not by his conclusions of law. The role of the attorney trial referee was also recently discussed in Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d (1989), which held that (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id. 716.
Viewed in the light of these standards, this court is not inclined to find any additional facts or to delete any of the facts found by the referee. He heard the witnesses and, as was stated by the Appellate Court in Faulkner v. Marineland, Inc., 18 Conn. App. 1, 4, 555 A.2d 1001 (1989): "[w]eighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." Furthermore, "[t]he trier is free to accept or reject, in whole or in part, the testimony offered by either party." DeBrizzi v. Georgette, 11 Conn. App. 515,518, 528 A.2d 407 (1987).
Moreover, as said recently in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423,567 A.2d 1250 (1989): "[a] reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id. 425.
In conclusion, the findings of fact and the conclusions by the attorney trial referee are accepted in accordance with Practice Book 443, as I find no material error in his recommendations, or any other reason why the report is unacceptable. I believe his conclusions of fact were "properly reached on the basis of the subordinate facts found." CT Page 817
Accordingly, judgment may enter for the defendants.
SO ORDERED.
Dated at Stamford, Connecticut this ninth day of August 1990.
WILLIAM B. LEWIS, JUDGE