[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action by a painting contractor I seeking an alleged balance due of $2,500 in connection with painting of the defendant's commercial building in Bridgeport. The defendant claimed that the painting was done in a negligent and unworkmanlike manner and it also filed a counterclaim for approximately $3,500 which the defendant claims to have spent to have the job done in a proper manner.
The case was referred to a fact-finder, Attorney Barbara A. Lavoy, Practice Book 546B et seq., who found that the plaintiff was negligent and performed its painting services in an unworkmanlike fashion, primarily because it failed to adequately waterproof the defendant's building. CT Page 1038
Accordingly, the fact-finder recommended that judgment enter for the defendant on the plaintiff's complaint, and for the defendant in the amount of $1,950 on its counterclaim.
The plaintiff has filed a "motion to correct" which actually pertains only to the attorney trial referee program. Practice Book 438. However, I have treated this motion as an objection to the acceptance of the fact-finder's report pursuant to Practice Book 546H.
The fact-finder's recommendations are accepted and judgment may enter for the defendant in accordance with her report. As was said in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,423, 567 A.2d 1250 (1989): "A reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[I]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id. 425.
The fact-finder determined that the plaintiff performed its contract in a negligent and unworkmanlike manner. I do not believe there is any reason to substitute my own findings for those of the fact-finder. She found the testimony of the witness for the defendant, particularly one John Davies, defendant's expert, more credible than that of the plaintiff's witnesses. The fact-finder heard the witnesses and, according to Faulkner v. Marineland, Inc., 18 Conn. App. 1, 4, 555 A.2d 1001 (1989): "Weighing the evidence and judging the credibility of the witnesses is the function of the trier of fact . . ." Furthermore, "the trier is free to accept or reject, in whole or in part, the testimony offered by either party." DeBrizzi v. Georgette, 11 Conn. App. 515, 518, 528 A.2d 407 (1987). Therefore, the findings of fact and recommendation of the fact-finder are accepted and judgment may enter in favor of the defendant with respect to plaintiff's complaint, and for the defendant to recover $1,950 on its counterclaim.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-third day of August, 1990.
WILLIAM B. LEWIS, JUDGE