[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for specific performance and money damages brought against the defendants Salvatore and Mary Ann Mattera of Norwalk, and is based on a contract in which the defendants agreed to sell certain real estate they owned on Taylor and Summit Avenue in Norwalk to the plaintiff. The plaintiff, Four D's, Inc., claims that it was ready, willing and able to purchase the property but that the defendants refused to proceed with the sale.
The matter was referred to Attorney M. E. Wynn, an attorney trial referee. General Statutes 52-434(a)(4); Practice Book 428 et seq. The attorney trial referee concluded that the defendants had breached their contract to sell the real estate in question to the plaintiff and hence recommended that a decree ordering specific performance be entered as well as monetary damages in the amount of $56,000, plus interest thereon from May 1, 1986, the date when the closing was scheduled to take place.
The defendants filed a motion to correct the referee's report, Practice Book 438, but the referee declined to make any material changes in her report. The defendant also filed both exceptions, Practice Book 439, and objections to the report, Practice Book 440.
Our resolution of these objections and exceptions to the report necessarily involves the scope of review with respect to a report of an attorney trial referee. This subject was recently addressed in Pilato v. Kapur, 22 Conn. App. 282,283, ___ A.2d ___ (1990), which held that the trial court "was bound by the attorney referee's finding of fact" although not by his "conclusions of law." The role of the attorney trial referee was also discussed in detail just last year CT Page 1639 in Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517 (1989), which held that: (i) the trial court may not "retry the case"; (ii) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact; or has found a fact in such doubtful language that its real meaning does not appear"; and (iii) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
The contract of sale in this case provides, among other things, that the purchase price would be $231,000 but added that "in the event the Purchaser obtains zoning approval to build more than seven (7) units of housing on the property" the purchase price would be increased by $33,000 for every such unit above seven. Another paragraph provided that the closing would take place thirty days after zoning approval "to build at least seven (7) units of housing on the property," with May 1, 1986 as the outside date. The contract also provided that the sale was contingent upon the plaintiff's obtaining zoning approval "to build at least seven (7) housing units on the property" and that the plaintiff was obliged to use "due diligence" in obtaining this approval. Paragraph 21 of the contract states that if "after the closing of title and prior to the development of the property" zoning approval to build more than seven units was obtained, then the plaintiff would pay the defendants an additional $33,000 per unit.
The attorney trial referee made several findings of fact which I believe are determinative of this case. The first is that there was and is no dispute between the litigants that approval of seven units was obtainable, and that the plaintiff notified the defendants that it was ready, willing and able to close prior to the closing date. The plaintiff had the option to void the contract if it did not obtain approval for the seven units, but it did not do so, and was ready to go ahead with the purchase. The referee also found that the defendants refused to convey title because the plaintiffs had not obtained permission from the Norwalk zoning authorities to construct more than seven units. ("They [defendants] insisted more units could be approved, and refused to sign the requested letter initiating the approval process for seven units.") The referee also found that the plaintiff was under no obligation at all to try to obtain approval for more than seven units, nor to use "due diligence" to obtain this approval, as there was no such requirement in the contract. She also found, however, that although the plaintiff never formally applied to the zoning authorities for approval of more than seven units, it had in fact exercised due diligence by checking CT Page 1640 very carefully, with the help of counsel, into the possibility of obtaining such approval, but were discouraged by the zoning officials from filing a formal application.
Based on the above facts, the attorney trial referee concluded, and I concur, that the plaintiff had performed its obligation under the contract, but that the defendants, by refusing to convey title, were in breach of contract. Accordingly, a decree of specific performance hereby enters ordering the defendants to convey title to the subject premises to the plaintiff no later than September 30, 1990.
Although much of the referee's findings and conclusions were based on her interpretation of the contract of sale, in addition she was obliged to evaluate the credibility of the witnesses. As was stated by the Appellate Court in Faulkner v. Marineland, Inc., 18 Conn. App. 1, 4, 555 A.2d 1001 (1989): "[w]eighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." Furthermore, "[t]he trier is free to accept or reject, in whole or in part, the testimony offered by either party." DeBrizzi v. Georgette, 11 Conn. App. 515,518, 528 A.2d 407 (1987).
Moreover, as said recently in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423,567 A.2d 1250 (1989): "[a] reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id., 425. CT Page 1641
In addition to the recommendation of specific performance the referee also found that had the defendants closed on May 1, 1986, as provided for in the contract, the plaintiff would have obtained seven units, but that during the pendency of this action the property was rezoned so as to permit, absent a variance, only four units. The referee found that the plaintiffs had accordingly been damaged and lost $56,000 which sum is to be subtracted from the purchase price for a total purchase price of $175,000 to be paid to the defendants in certified or bank check at the time the defendants tender the deed in accordance with the decree of specific performance.
The attorney trial referee also awarded interest on the $56,000 in damages from May 1, 1986. The propriety of the award of interest depends on "whether the amount involved was liquidated . . ."; Pilato v. Kapur, supra, 283; and that this determination constitutes a conclusion of law. The Appellate Court directed attention to A. Secondino Son, Inc. v. LoRiccio, CT Page 164219 Conn. App. 8, 10-12, 561 A.2d 142 (1989), to define liquidated damages. "When a debtor knows precisely how much he is to pay and to whom he is to pay it, his debt is a liquidated one." The Secondino decision also goes on to describe a liquidate debt as "a claim . . . for an amount certain or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged."
It appears to me that the damages of $56,000 do not fall within these definitions. The referee's conclusion was that "the plaintiff would be left with land now worth $175,000 without the same opportunity to make a profit on it." This conclusion was based on the testimony of a witness for the plaintiff to that effect, but was a matter of opinion and the amount is not capable "of being made certain in amount by mathematical calculations," as stated in the Secondino decision. Accordingly, the recommendation that interest be paid is not accepted.
In conclusion, a decree of specific performance hereby enters with a purchase price of $231,000 as provided for in the contract, less $56,000 of damages as recommended by the referee, for a total net purchase price of $175,000.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-eighth day of August, 1990.
WILLIAM B. LEWIS, JUDGE