[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was referred to a fact-finder, Attorney Margaret D. Northrop; General Statutes 52-549n, Practice Book 546B et seq., E.I. Construction, Inc. v. Scinto, 12 Conn. App. 348,352-53 530 A.2d 108 (1987); who recommended that judgment enter in favor of the plaintiff, a clinical psychologist, against the defendant, Leslie A. Eisner, and in favor of the co-defendant, Deborah Eisnor, against her former husband, Dr. Eisner, on her cross-claim.
This case concerns Dr. Grimes' charges for psychological counseling rendered to Mrs. Eisner. The fact-finder found that Dr. Eisner had agreed that he would be responsible for Mrs. Eisner's bills. Dr. Eisner has already paid Dr. Grimes and a satisfaction of judgment has been filed by the plaintiff.
The fact-finder also recommended that judgment enter against Dr. Eisner for $2,833.40 representing legal fees that Mrs. Eisner had incurred defending the suit by the plaintiff, Dr. Grimes. Dr. Eisner objects to this recommendation on the grounds that the fact-finder misinterpreted the financial affidavit that he filed in connection with the dissolution of his marriage with Mrs. Eisner in which he, in effect, acknowledged this obligation. He also claims that when he started paying Mrs. Eisner $6,200 a month in March 1988, this sum was meant to cover all of Mrs. Eisner's expenses, including psychological treatment by Dr. Grimes.
The fact-finder, however, found that it was the obligation of Dr. Eisner to pay Mrs. Eisner's legal fees because the separation agreement provided that in case there was a breach thereof, and Mrs. Eisner incurred legal fees in order to enforce the agreement, her former husband would be responsible for her CT Page 3925 legal fees. The fact-finder found that the plaintiff and the two defendants had all agreed that Dr. Eisner would pay for his former wife's treatment and that Dr. Eisner expressly guaranteed to the plaintiff that he would make these payments, and that when he failed to do so he was in breach of the separation agreement. Thus, Mrs. Eisner was entitled to be reimbursed for the legal fees she incurred in defending the plaintiff Grimes' suit against both defendants. The fact-finder also indicates that Dr. Eisner listed his obligation to the plaintiff in his financial affidavit as constituting a monthly expense he owed the plaintiff Grimes, and also that the payment of $6,200 that started in March 1988 was not meant to cover Dr. Grimes' bill.
These recommendations of the fact-finder appear sound and logical and her conclusions reasonably and plausibly flow from the underlying facts. The fact-finder was obliged to evaluate the credibility of the witnesses. As was stated by the Appellate Court in Faulkner v. Marineland, Inc., 18 Conn. App. 1,4, 555 A.2d 1001 (1989): "[w]eighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." Furthermore, "[t]he trier is free to accept or reject, in whole or in part, the testimony offered by either party." DeBrizzi v. Georgette,11 Conn. App. 515, 518, 528 A.2d 407 (1987).
Moreover, as said recently in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250
(1989): "[a] reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id., 425.
In conclusion, the recommendations of the fact-finder are accepted and judgment may enter for Deborah Eisner to recover from Leslie A. Eisner the sum of $2,833.40, plus interest thereon at the statutory rate from April 19, 1988 when this action began to the date of this judgment. In case of any disagreement as to the amount thereof, the matter can be claimed to the short calendar for determination.
So Ordered.
Dated at Stamford, Connecticut, this twenty-first day of November 1990.
LEWIS, J.