[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves alleged defects in the construction of an office building located on Route 7 in Norwalk. The plaintiff Bruce Minoff is the owner of this building and he sued the named defendant Panelized Systems, Ltd. (Panelized), the subcontractor on this project. Subsequently, plaintiff joined the general contractor, Worth Construction Company, Inc. (Worth), as a second defendant. Worth filed a cross-claim against its subcontractor Panelized seeking indemnity.
The matter was referred to Attorney G.A. MacMillan, an attorney trial referee, pursuant to General Statutes52-434 (a)(4) and Practice Book 428 et seq. The attorney trial referee recommended that judgment should enter in favor of the plaintiff against Worth, and in favor of the subcontractor Panelized. He also recommended that judgment enter in favor of Panelized with respect to Worth's cross-claim for indemnity.
Worth thereafter filed a motion to correct (Practice Book 438) and the referee issued an amended report dated November 9, 1990, but did not change his recommendations. Thereafter the defendant Worth filed exceptions to the report dated November 20, 1990, which was one day after the ten days prescribed by Practice Book 439. Nevertheless, I have analyzed these exceptions in order to ensure that this case was evaluated on its merits. In addition, Worth filed objections to the report pursuant to Practice Book 440.
By way of background, the plaintiff claimed that certain exterior panels containing a stone finish which were manufactured and installed by Panelized were defective because the stones kept falling out. Its complaint against Worth claimed a breach of contract by virtue of this defendant's permitting Panelized's CT Page 1143 defective work to go uncorrected. Worth filed special defenses claiming that (1) the statute of limitations had expired because the panels were installed in 1983 and suit was not brought until 1988: and (2) that it had not breached its contract with the plaintiff because it was Mr. Minoff who selected Panelized to install the exterior panels in question.
The attorney trial referee made a number of factual findings as follows: (i) that the exterior panels were in fact defective, which, I might add, was not contradicted by any of the parties; (ii) that the plaintiff did notify Panelized in writing of these defects as early as September 1985 with copies to Worth, and that even if there had been no such written notice, Worth had actual notice and, moreover, by its engaging in several on-site meetings in 1483 regarding problems with the panels, Worth is estopped from claiming that notice was defective; (iii) that the special defense of statute of limitations is inapplicable because the action was commenced before the six year statute of limitations for breach of contracts had expired, and that plaintiff was not limited by a reference in the contract to one year for the commencement of a breach of warranty action; (iv) that the cost of repairing and finishing the defective exterior panels was $183,116, and that this was a proper measure of damages to Worth; (v) that Worth should not be indemnified by Panelized because it had no contract to this effect, nor were the various criteria as to active as contrasted with passive negligence fulfilled; (vi) that the admission of testimony of one Michael Cardillo concerning the cost of repair was proper as he was not an undisclosed "expert"; and (vii) that the defense of laches was not credited because this defense was not pled, and in any event was inapplicable because Worth was in fact notified of the defects and was not prejudiced by the delay in suit.
Based on these facts, the attorney trial referee concluded that the defendant Worth had violated sections 4.5.1 and 13.2.2 of its contract with the plaintiff in which it warranted that the construction of plaintiff's office building would be free from defects and of good quality. The recommendation that judgment enter in favor of the plaintiff against Worth for the cost of repair of the defective panels followed logically from these subordinate findings. The plaintiff has not filed any objections or exceptions to the recommendations of the referee that because there was no proof that Panelized warranted the quality of the panels, judgment may enter in favor of Panelized and against the plaintiff as to the first and third counts of the complaint.
Worth's exceptions and objections, in effect, ask this court to credit the testimony of its witnesses and to find facts different from those found by the referee. Certainly the referee heard conflicting evidence, and had to evaluate the credibility CT Page 1144 of the witnesses. Worth's request to over turn the referee's recommendations necessarily involves the scope of review of this court with respect to reports and recommendations of attorney trial referees.
The subject was recently addressed in Pilato v. Kapur,22 Conn. App. 282, 283, 576 A.2d 1315 (1990), which held that the trial court "was bound by the attorney referee's finding of fact although not by his conclusions of law. The role of the attorney trial referee was also discussed in Dills v. Enfield, 210 Conn. 705,714, 557 A.2d 517 (1989), which held that (l) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id. at 716.
Viewed in the light of these standards, this court is not inclined to find any additional facts or to delete any of the facts found by the referee. He heard the witnesses and, as was stated by the Appellate Court in Faulkner v. Marineland, Inc.,18 Conn. App. 1, 4, 555 A.2d 1001 (1989); "[w]eighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." Furthermore, "[t]he trier is free to accept or reject, in whole or in part, the testimony offered by either party." DeBrizzi v. Georgette, 11 Conn. App. 515, 518, 528 A.2d 407 (1987).
Moreover, as said recently in Wilcox Trucking, Inc. v. Mansour Builders, Inc. 20 Conn. App. 420, 423, 567 A.2d 1250
(1989): "[a] reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id. 425.
In conclusion, the findings of fact- and the conclusions by the attorney trial referee are accepted in accordance with Practice Book 443, as I find no material error in his recommendations, or any other reason why the report is unacceptable. I believe his conclusions of fact were "properly reached on the basis of the subordinate facts found."
Accordingly, judgment may enter for the plaintiff against j the defendant Worth in the amount of $183,116, and in favor of the defendant Panelized on the other counts of the complaint, and in favor of Panelized on the cross-claim.
WILLIAM B. LEWIS, J. CT Page 1145