[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, New Canaan Bank and Trust Company, to collect on seven different promissory notes from the defendants Nicholas Cerretani, III, Nicholas Cerretani, II, Anne Cerretani, and New Canaan Village Locksmith Co., Inc. The plaintiff claims that these defendants executed the notes in question either as makers, co-makers or guarantors during the period from November 1985 to March 1987. The notes vary in amounts from roughly $45,000 to $20,000 and the original principal amount was approximately $193,000.
Six of the notes involve New Canaan Village Locksmith Co., Inc. and the seventh was signed solely by Nicholas Cerretani, III. Also introduced into evidence was a document entitled "all purpose guarantee of liability", dated June 9, 1986, and the plaintiff claims that this document was signed by Nicholas Cerretani, III and Anne Cerretani, and that it guarantees Nicholas Cerretani, II all the notes executed on behalf of the New Canaan Village Locksmith Co., Inc.
The defendants denied that they signed the all purpose guarantee; Nicholas Cerretani, III denied that he signed a note for $22,537.00 dated March 19, 1986, and he also claimed that his note for $44,938.00 dated May 4, 1987 was altered by the plaintiff bank after he had CT Page 3062 signed it.
This case was referred to Attorney C. Ian McLachlan. an attorney trial referee, pursuant to General Statutes52-434(a) and Practice Book 428 et sec. The attorney trial referee recommended that judgment enter in favor of the plaintiff against all defendants with respect to six of the promissory notes in the total amount of $191,629.24, including interest to October 2, 1990, and against Nicholas Cerretani, III on the March 19, 1986 promissory note for $6,362.08.
The attorney trial referee made certain factual findings as follows: (i) that Nicholas Cerretani, III, Nicholas Cerretani, II and Anne Cerretani did in fact sign the all purpose guarantee, despite their denial which he found not to be "credible" and a "recent fabrication;" (ii) that Nicholas Cerretani, III did in fact sign the March 19, 1986 note, and also that he had actually made partial payments on this note; and (iii) that Nicholas Cerretani, III signed the note of May 4, 1987 for $44,938.00 to purchase an automobile, which was to be collateral for the loan; that the certificate of title indicated that it was a used 1983 Ferrari, rather than a new 1987 Ferrari as was originally contemplated; that the note was simply changed to accurately reflect the collateral; and that General Statutes 42a-3-407
concerning alteration of instruments had not been violated.
The defendants filed a motion to correct (Practice Book 438) claiming that the all purpose guarantee had not been executed by them because they were not in Connecticut on the day it was purportedly acknowledged before a bank officer; that plaintiff failed to bring in handwriting experts; and that certain payments that had been made had not been properly set off against the debts.
The attorney trial referee submitted a supplemental report in response to the motion to correct in which; (i) he reiterated his finding that the all purpose guarantee had been properly executed by the defendants; (ii) that although there was some conflicting testimony about the whereabouts of the defendants on August 5, 1986, the date when this guarantee was acknowledged, he credited the testimony of a bank officer who stated that on that date all the defendants had in fact acknowledged the guarantee before him; (iii) he agreed that the plaintiffs had not offered "expert" handwriting witnesses, but that he found CT Page 3063 the signatures to be authentic based on other evidence, including acknowledgements in some cases by the defendants of their signatures, as well as admissions that they had made some payments on these notes; and (iv) he found that all payments to the bank had been duly credited.
The defendants filed both exceptions (Practice Book 439) to the referee's recommendations, claiming that there had been error in not making the requested corrections, as well as objections (Practice Book 441). "A party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings. Practice Book 440." Bernard v. Gershman, 18 Conn. App. 652,655, 559 A.2d 1171 (1989).
The first objection was that the note of May 4, 1987 for $44,938 had been changed after it had been signed. The defendants claim that this constituted a material change to the instrument. Secondly, they also reiterated that they had not executed the all purpose guarantee.
However, in their memorandum of law in support of the objections, the defendants referred to only one of these points, but did assert a new claim to the effect that this court lacked personal jurisdiction because of Practice Book 430A, which requires that attorney trial referees file their reports not later than 120 days after completion of the trial. The attorney trial referee in this case filed his report on October 3, 1990, which was several days after Practice Book 430A became effective, but, the trial was conducted in 1989, well before the effective date of Practice Book 430A. The defendants claim that this new rule is retroactive as being purely procedural in nature. I disagree and believe it is a substantive change and relates to trials completed after October 1, 1990, and the trial in this case was completed long before then. Kupstis v. Michaud, 215 Conn. 435,437, 576 A.2d 152 (1990), ruled that the 120 day rule did not apply to attorney trial referees, but did "urge" that the rules be changed so as to make this requirement applicable to attorney trial referees just as it is to judges and fact-finders, and this was ultimately done effective October 1, 1990.
The second argument in the brief does not relate to the all purpose guarantee, but rather to the May 4, 1987 note for $44,938.00 signed by Nicholas Cerretani, III, CT Page 3064 and again it is claimed that the change of description of the Ferrari voids the note. The attorney trial referee had found that this change was not material nor fraudulent, and was only aimed at, correcting a description of the collateral after Nicholas Cerretani, III brought in the correct description indicating that he had purchased a used 1983 vehicle rather than a new 1987 Ferrari. I believe that the argument that a correction of the description of collateral to conform with the borrower's own information voids a promissory note to be devoid of merit.
In general, the objections filed by the defendants represent ". . . a request to substitute (their) version of the facts for the referee's own," which was disapproved Argentis v. Gould, 23 Conn. App. 9, 19,579 A.2d 1078 (1990).
The attorney trial referee heard the witnesses and concluded that the defendants signed the notes and guarantee in question, did borrow the money from the plaintiff, even made payments on these notes, and that the change in the description of the collateral on the note of May 4, 1987 for $44,938.00 did not materially alter the note. The defendants ask this court to credit the testimony of its witnesses and to find facts different from those found by the referee, which request necessarily involves the scope of review of this court with respect to reports and recommendations of attorney trial referees.
The subject was recently addressed in Pilato v. Kapur, 22 Conn. App. 282, 283, 576 A.2d 1315 (1990), which held that the trial court "was bound by the attorney referee's finding of fact" although not by his conclusions of law. The role of the attorney trial referee was also discussed in Dills v. Enfield, 210 Conn. 705,714, 557 A.2d 517 (1989), which held that (i) the trial court may not "retry the case"; (ii) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (iii) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
Viewed in the light of these standards, this court is not inclined to find any additional facts or to delete CT Page 3065 any of the facts found by the referee. He heard the witnesses and, as was stated by the Appellate Court in Faulkner v. Marineland, Inc., 18 Conn. App. 1, 4,555 A.2d 1001 (1989); "[w]eighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." Furthermore, "[t]he trier is free to accept or reject, in whole or in part, the testimony offered by either party." DeBrizzi v. Georgette, 11 Conn. App. 515, 518,528 A.2d 407 (1987).
Moreover, as in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250
(1989): "[a] reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id. 425.
In conclusion, the findings of fact and the recommendations by the attorney trial referee are accepted in accordance with Practice Book 443, as I find no material error in his report, or any other reason why it is unacceptable. I believe his conclusions of fact were "properly reached on the basis of the subordinate facts found."
Accordingly, judgment may enter for the plaintiff against all defendants jointly and severally for $191,629.24, and for $6,362.08 against Nicholas Cerretani, III, individually for the March 19., 1986 note, plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut this 16th day of April, 1991.
WILLIAM B. LEWIS, JUDGE.