[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff Virginia Corporation (Virginia) seeks foreclosure on a first mortgage from the defendant Chandra Galanis on her property at 766 Lake Avenue, Greenwich, Connecticut. Various subsequent encumbrancers of record are named defendants. Issues, of priority exist among three defendants and Virginia. Specifically, the defendant Armstrong Capital S.A. (Armstrong) a subsequent judgment lienor, seeks priority over both Virginia's first mortgage and defendant Consolidated Capital Corporations's (Consolidated Capital) second mortgage claiming that the mortgages are not bona-fide and result from fraudulent conveyances. Defendant Armstrong also seeks priority over federal tax liens recorded by the defendant United States Internal Revenue Service. The matter was referred to W. James Cousins, an attorney trial referee. Connecticut General Statutes 52-434 (a)(4); Practice Book 428 et seq. The attorney trial referee filed a report and recommendations dated September 21, 1990 coded in as Pleading 393.50. The report is a comprehensive one consisting of 41 pages.
Motions to correct the report were filed by the plaintiff, Virginia Corporation and the defendant, Consolidated Corporation dated October 15, 1990. The defendant and counterclaimant, Armstrong Capital, filed an opposition to the motions dated October 25, 1990. On November 20, 1990 the referee ruled on the motions to correct. The referee granted said motions in part and denied said motions in part. CT Page 5960
Thereafter, on November 28, 1990, a motion for judgment on the report being Pleading 402.51 was coded in the file as of course. The plaintiff Virginia in Pleading 407.00, dated December 21, 1990 filed a "Plaintiff's exceptions to report of attorney trial referee." The defendant Consolidated Capital filed in Pleading 408.00 dated December 21, 1990, a pleading entitled "Defendant Consolidated Capital Corporation exceptions to report of attorney trial referee." The plaintiff Virginia filed a Pleading 409.00 dated December 21, 1990 entitled "Plaintiff's objections to acceptance of report of attorney state trial referee." The defendant Consolidated Capital filed Pleading 401.00 dated December 21, 1990 entitled "Defendant Consolidated Capital Corporation's objections to acceptance of report of attorney state trial referee." The court has before it those five motions. The court has reviewed the entire file. The case seems to present the classic situation of credibility of witnesses — particularly on the issues of the fraud involved. Clearly the trier of fact heard conflicting evidence and had to evaluate the credibility of the witnesses. The exceptions and objections in effect, ask this court to credit the testimony of its witnesses and to find facts different from those found by the referee. Those requests to overturn the referee's recommendations necessarily involve the scope of review of this court with respect to reports and recommendations of attorney trial referees.
The subject was recently addressed in Pilato v. Kapur,22 Conn. App. 282, 283, 576 A.2d 1315 (1990) which held that the trial court "was bound by the attorney referee's finding of fact" although not his conclusion of law. The role of the attorney trial referee was also discussed in Dills v. Enfield,210 Conn. 705, 714, 557 A.2d (1989) which held that (1) the trial court may not retry the case; (2) a court may not find additional facts or reject facts found by the referee unless, in words of Practice Bk. 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id. at 716.
Viewed in the light of these standards, this court is not inclined to find any additional facts or delete any of the facts found by the referee. He heard the witnesses and, as was stated by the Appellate Court in Faulkner v. Marineland, Inc., 18 Conn. App. 1,4, 555 A.2d 1001 (1989); "[w]eighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." Furthermore, "[t]he trier is free to accept or reject, in whole CT Page 5961 or in part, the testimony offered by either party." DeBrizzi v. Georgette, 11 Conn. App. 515, 518, 528 A.2d 407 (1987).
Moreover, as was recently said in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250
(1989): "[a] reviewing authority may not substitute its findings for those of the trier of fact."
In conclusion, the findings of fact and the conclusions by the attorney trial referee are accepted in accordance with Practice Bk. 443, as I find no material error in his recommendations, or any other reason why the report is unacceptable. I believe his conclusions of fact were properly reached on the basis of the subordinate facts found.
Accordingly, judgment may enter in accordance with the referee's report and recommendations dated September 21, 1990. The exceptions to the report are denied; the objections to the report are overruled and judgment may enter on the report.
SO ORDERED.
Dated at Stamford, Connecticut this 2 day of July 1991.
KARAZIN, J.