[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, John Deere Company, and the defendant, Presidential Homes, Inc., entered into a loan contract and security agreement for the sale of certain construction equipment in May 1987. Pursuant to the sales agreement, the plaintiff agreed to sell the equipment to the defendant on the condition that, in the event the defendant should default on its payments, the plaintiff retained the right to take immediate possession of the equipment.
In January 1991, the plaintiff filed an application for prejudgment remedy, i.e. replevin, citing the defendant's failure to make payments according to the sales agreement over a seven month period. This application was granted on January 30, 1991, and on February 9, 1991, the plaintiff took possession of the equipment and commenced this action for possession and damages.
On July 17, 1991, the defendant filed a revised answer, special defenses and counterclaim. The plaintiff now moves to strike the second count of the defendant's counterclaim.
Said motion should be granted.
A motion to strike filed pursuant to Practice Book 152 challenges the legal sufficiency of the pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108. A motion to strike is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Co., 13 Conn. App. 208,211; Fortini v. New England Log Homes, Inc., 4 Conn. App. 131, CT Page 1414 134-35; cert. dismissed 197 Conn. 801 (holding "conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike"). If, however, the facts provable under the pleading would support any legally sufficient cause of action or defense, then the motion to strike must be denied. Mingachos v. CBS, Inc., supra, 109. Thus, where a motion to strike attacks the entire pleading, if any part of that pleading is legally sufficient the motion must fail. Grier v. West Haven Police Dept., 40 Conn. Sup. 221, 222, aff'd8 Conn. App. 142.
In the second count of its counterclaim, the defendant alleges that the plaintiff committed an unfair trade practice in violation of General Statutes 42-110b, The Connecticut Unfair Trade Practices Act (CUTPA). In particular, the defendant alleges that the plaintiff "failed to dispose of the collateral [i.e., equipment] in a commercially reasonable manner as required by Sec. 42a-9-504 of the Connecticut General Statutes." As a result of this alleged breach, the defendant seeks money damages, including punitive damages.
The plaintiff filed a motion to strike and memorandum in support of its motion on December 9, 1991, contending that any damages the defendant sustained as a result of the alleged CUTPA violation did not "arise from the act of the [plaintiff's] replevy," and therefore, they are not recoverable in a replevin action. 52-524 of the General Statutes.
The general rule is that defendants are entitled to recover only such damages as "arise from the act of replevy." Faulkner v. Marineland, Inc., 18 Conn. App. 1, 3, citing Switzer v. Turansky, 101 Conn. 60, 61. Thus, damages for depreciation in value of the property during the period of detention may be recovered in a replevin action. Faulkner, supra 2; Staub v. Anderson, 152 Conn. 694, 695. Loss of use of the property during the period of detention likewise constitutes a proper damage. See Commercial Credit Corp. v. Miron, 108 Conn. 524,526 (defendant entitled to fair and reasonable compensation for loss of use of reprieved automobile).
Damages, however, which seek to compensate the defendant for tangential harms are not recoverable in a replevin action. See Switzer, supra 61 (counterclaiming defendants in a replevin action are not entitled to recover the reasonable value of labor they invested in the property before the replevy occurred); see also, 77 C.J.S. 192 Replevin 265.
In the present case, the defendant claims damages arising out of the plaintiff's alleged failure to comply with a statutory duty pursuant to General Statutes 42a-9-504. Section CT Page 141542a-9-504 states:
 "(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. . . .
 (2) If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus. . . .
 (3) . . . Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . ."
The defendant claims that the plaintiff's failure to comply with these statutory provisions constitutes an unfair trade practice pursuant to General Statutes 42-110b and thereby entitles the defendants to damages in this replevin action. Any damages resulting from a violation of duty imposed by 42a-9-504
do not arise from the act of replevin and therefore are beyond the scope of damages for which the defendant "shall make the claim by way of counterclaim" within the meaning of 52-524
of the General Statutes.
Accordingly, the motion to strike is granted.
Fracasse, J.