## Richard Wierzbicki et al. v. Somers Builders, Inc., et al.
(6122)

Daly, Norcott and Foti, Js.

Argued May 31—decision released June 24, 1988

*Glenn T. Davis,* for the appellants (defendants).

*Robert B. Basine,* for the appellees (plaintiffs).

PER CURIAM. In this breach of contract action, the defendants appeal from the judgment rendered by the trial court in favor of the plaintiffs.

The plaintiffs entered into a contract to have the defendants construct a single-family home in the town of Enfield. During the course of construction, disputes arose concerning changes sought by the plaintiffs; thereafter, the defendants ceased work on the house. The plaintiffs hired a second contractor to finish the work started by the defendants. This action was subsequently initiated by the plaintiffs, against the original contractor, seeking damages for breach of contract and negligence. The case was referred to an attorney trial referee pursuant to General Statutes § 52-434 (a) (4). After a hearing, the attorney trial referee filed a report setting forth his findings and recommending that judgment be rendered for the plaintiffs in the amount of $17,706.09, with interest at the rate of 10 percent per annum from the time the contract specified that the work should have been completed. The attorney trial referee's report was issued on April 23, 1987. The plaintiffs, by motion filed May 6, 1987, requested that the trial court render judgment in accordance with the report of the attorney trial referee. No objection to this motion was filed by the defendants, nor did they file a motion to correct the referee's findings. The trial court accepted the report and rendered judgment on May 13, 1987. On appeal, the defendants challenge the findings of the attorney trial referee, the granting of interest as part of the judgment and certain evidentiary rulings.

"Practice Book § 438 requires that a party challenging the factual findings of an attorney trial referee must file a motion to correct with the trial court within two weeks after the filing of the referee's report. The defendant, however, failed to file such a motion in the present case. Having filed no motion to correct any of

the facts found by the trial referee, the defendant has waived any right to attack the subordinate factual findings contained in the report. *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 518, 508 A.2d 415 (1986); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, 7 Conn. App. 136, 140, 508 A.2d 43 (1986); *Ruhl* v. *Fairfield,* 5 Conn. App. 104, 106, 496 A.2d 994 (1985). Furthermore, the defendant failed to object to the trial court's acceptance of the report pursuant to Practice Book § 440 and, therefore, the conclusions reached in the report must stand. *Seal Audio, Inc.* v. *Bozak, Inc.,* supra." *LiVolsi* v. *Pylypchuk,* 12 Conn. App. 527, 528, 532 A.2d 593 (1987). Accordingly, we decline to review the defendant's other claims of error.

There is no error.