## MICHAEL PILATO *v.* JATINDER N. KAPUR ET AL.
### (8293)

BORDEN, O'CONNELL and FOTI, Js.

Argued April 10—decision released July 10, 1990

*Anthony E. Ahern,* for the appellants (defendants).

*Melvin J. Silverman,* for the appellee (plaintiff).

O'CONNELL, J. The defendants appeal challenging the trial court's award of prejudgment interest on damages recovered as a result of the defendants' breach of contract. The first two claims are subsumed under the question of whether the trial court improperly

assumed a role belonging to the attorney trial referee. We reverse the trial court's award of interest.

The plaintiff sued for damages on an oral contract under which he agreed to coordinate and supervise the construction of a house for the defendants. By agreement of the parties, the case was heard by an attorney trial referee, who reported to the court that judgment should enter in favor of the plaintiff for $20,672.06, plus costs. The defendants have not challenged the award of this amount by the court. Rather, the issue before this court arises from the trial court's award of prejudgment interest.

The attorney referee had refused to award interest on the ground that the "sums alleged due [the plaintiff] were not liquidated." The trial court sustained the plaintiff's objection to the attorney referee's report, determined that the amount due the plaintiff was liquidated and awarded prejudgment interest. On appeal, the defendants assert that the award of interest improperly invaded the province of the attorney referee.

Although the trial court was bound by the attorney referee's findings of facts; *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.,* 20 Conn. App. 420, 423, 567 A.2d 1250 (1989); it was not bound by his conclusions of law. *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 299–300, 552 A.2d 827 (1989). Whether the amount involved was liquidated was a conclusion of law, and the court acted properly in correcting that portion of the report involving a misapplication of the law. See *A. Secondino & Sons, Inc.* v. *LoRicco,* 19 Conn. App. 8, 10–12, 561 A.2d 142 (1989) (defining liquidated damages).

Interest, however, is an element of damages and, thus, the decision as to whether interest should be

awarded is within the province of the trier of fact. *Canton Motorcar Works, Inc.* v. *DiMartino,* 6 Conn. App. 447, 464, 505 A.2d 1255, cert. denied, 200 Conn. 802, 509 A2d 516 (1986). Here, the attorney referee, as the finder of fact, should have been allowed to determine whether interest was appropriate. It was improper for the trial court to make this determination and thus invade the factfinder's province.

When a "court finds that the [referee] has materially erred in his rulings . . . the court shall reject the report and refer the matter to the same or another [referee] for a new trial or revoke the reference and leave the case to be disposed of in court." Practice Book § 443; see *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.,* supra. Once the trial court corrected the attorney referee's error of law, it should have remanded the matter to the referee for the application of the proper standard. The decision to award interest is " ' " 'to be made in view of the demands of justice rather than through the application of any arbitrary rule.' " . . . " 'The real question in each case is whether the detention of the money is or is not wrongful under the circumstances.' " ' " (Citation omitted.) *Niles* v. *Niles,* 15 Conn. App. 718, 721, 546 A.2d 329 (1988). The person best able to make this equitable determination is the attorney referee who heard the case and thus is most familiar with the facts. *Metcalfe* v. *Talarski,* 213 Conn. 145, 160, 567 A.2d 1148 (1989).

The defendants also claim that this objection should have been heard by the same judge who heard an objection to a prior report. This claim has absolutely no merit. Our rules of practice do not require that all motions in a particular case be heard by the same judge. See *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 457-58, 538 A.2d 1017 (1988); *Breen* v. *Phelps,* 186 Conn. 86, 97-101, 439 A.2d 1066 (1982).

The judgment as to the award of interest only is reversed and the case is remanded to the trial court with direction to remand the matter to the attorney trial referee who heard the case for a determination of whether interest should be included as an element of damages.

In this opinion the other judges concurred.