[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a claim for a brokerage commission on the basis that the plaintiff broker procured a person who was ready, able and willing to purchase the defendants' property at 95-99 Myrtle Avenue, Stamford.
The matter was referred to Attorney M. E. Fuhrmann, a fact-finder, Practice Book 546B et seq. The fact-finder recommended that judgment enter for the defendants because plaintiff did not have a listing agreement that satisfied the requirements of General Statutes 20-325a(b).
The defendants have filed objections to the fact-finder's report. Practice Book 546H.
The fact-finder found the following facts, which must be accepted by the court on the basis of Pilato v. Kapur, 22 Conn. App. 282,283, ___ A.2d ___ (1990), which, although referring to an attorney trial referee, held that the trial court "was bound by the attorney referee's finding of fact" although not by his conclusions of law: (i) that the plaintiff's signature does not appear on the listing agreement; (ii) that the listing broker brought the defendants' property to the attention of some thirty to forty brokers, one of whom was the plaintiff; (iii) that through the plaintiff's efforts an Anthony Venetucci signed a binder to purchase the property as did the defendants; (iv) Venetucci tendered the purchase price along with a signed contract, but added a mortgage contingency clause; and (v) the defendants never signed the contract.
The fact-finder concluded that because the plaintiff's signature was not on the listing agreement, he was not a party thereto, and then went on to say that he "has some concern with the application of20-325A(b) as it pertains to brokerage commissions obtained through multiple listing services." The implication is that the listing agreement in question involved multiple listing and that a commission under those circumstances could not be paid to a selling broker.
I wrote on this subject in Becker v. Badash, (CV86-0080652), and instead of repeating my reasoning in that case, I am attaching a copy thereof to this memorandum. In that decision I took the position that a commission is due a selling broker "if and when such agreement explicitly permits members of the multiple listing service to attempt to sell the owner's property."
In this case, the listing agreement makes no reference to multiple listing. In fact, it refers to Century 21 Liberty, Inc. as the "exclusive agent" to sell the property. Therefore, the reasoning of the Becker case is inapplicable, and I accept the fact-finder's CT Page 752 recommendation that judgment enter for the defendants since the plaintiff was not a party to the agreement as required by statute.
Although not at all necessary for the determination of this case, I also agree that the fact that a binder was signed does not avail the plaintiff because it does not constitute the kind of writing required to comply with General Statutes 20-325A(b). Furthermore, the addition of a mortgage contingency clause prevents the plaintiff from claiming he procured a customer ready, willing and able to purchase the property because the contract of sale did not contain such a clause.
Accordingly, judgment may enter for the defendants.
SO ORDERED.
Dated at Stamford, Connecticut this Twenty-Second day of August, 1990.
WILLIAM B. LEWIS, JUDGE