[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose a mechanic's lien filed against property of the defendant, Coach Works Associates Limited Partnership (Coach Works). The matter was referred to Attorney D.G. Eveleigh, an attorney trial referee, pursuant to General Statutes 52-434(a)(4), and Practice Book 428 et seq.
The plaintiff, The Fairfield Lumber Supply Company (Fairfield number), supplied building material in connection with the renovation of a building owned by the defendant and located on Haviland Street in South Norwalk. The material was furnished pursuant to a contract between the plaintiff and the general contractor for the protect, Bottone-Riordan, Inc. (Bottone).
Fairfield Lumber complied with General Statutes 49-34
and 49-35 with respect to the filing of its mechanic's lien. The attorney trial referee recommended that a judgment of foreclosure of the mechanic's lien enter r of the y' plaintiff for $24,462.25.
Coach Works filed special defenses involving the provisions of General Statutes 49-33 and 49-36. In general, the former states that a mechanic's lien shall not attach to property in an amount greater than the contract price between the owner and the general contractor, and also that the owner is entitled to a credit for the reasonable costs of completion of the contract, plus damages and all bona fide payments made to the general contractor. The latter section credits the owner with payments made, in good faith, to the general contractor before receiving notice of the filing of a lien. Coach Works claims that it does not owe any money to the plaintiff because the reasonable costs of completion and payments made to the general contractor exceed the amount of Fairfield Lumber's lien.
The attorney trial referee made the following findings of fact; (i) the contract between Coach Works, as owner, and Bottone, the general contractor, was in the amount of $1,745,847, and the defendant Coach Works paid $1,437,000 to the general contractor; (ii) plaintiff Fairfield Lumber CT Page 2912 supplied $47,524 worth of materials to this job; (iii) the contract provides for periodic payments from the defendant to Bottone as the work progresses, and Coach Works was obliged to pay Bottone after proof of payment to the subcontractors and the receipt of lien. . . .falters by these subcontractors were submitted; (iv) In the case of the plaintiff Fairfield Lumber, the waivers that were submitted were signed only by Bottone, the general contractor, and not by Fairfield Lumber; (v) the defendant, although knowing that the plaintiff was supplying materials to the project, nevertheless made payments to the general contractor starting In May 1987 and thereafter of approximately $47,524, without having received proof of payment and properly executed lien waivers, and also without having given notice to the plaintiff five days in advance of such payments to the general contractor; (vi) Bottone ever finished the project and ultimately abandoned it; (vii) Coach Works ultimately paid approximately $260,000 to various parties to complete the project, as well as $42,500 for a delay assessment, and $30,000 to A.O.A. Associates, and thus was credited by the referee with $331,820; and (viii) the referee disallowed other damages claimed by defendant such as lost real estate contracts, mortgage interest, and property taxes, as being too speculative, or as having been incurred while Bottone was still working on the project, all in the total amount of $120,024.
Based on these actual findings, the referee concluded that:- (i) because is to properly executed waivers were received, Coach Works paid $47,524 to Bottone "in advance of the time stipulated," and thus these payments were not made "in good faith" and hence no credit was given the defendant for these payments. General Statutes 49-36 (c) ("No payments made in advance of the time stipulated in the original contract may be considered as made in good faith, unless notice of intention to make the payment had been given in writing to each person known to have furnished materials or rendered services at least five days before the payment is made."); (ii) the reasonable cost to the defendant of completion was $331,820; and (iii) after diminishing the contract price pursuant to 49-33 and 49-36, the plaintiff was entitled to $24,462 in connection with its mechanics lien.[1] The referee recommended that prejudgment interest not be added to this award.
Both parties, filed timely option to correct, pursuant, Practice Book 438. The attorney trial referee issued a supplemental report on December 19, 1990, but did not make any substantive changes to his original report. On January 2, 1991 the parties signed a "stipulation of extension" to CT Page 2913 January 24, 1991 as the time to file other motions in connection with the attorney referee's report. On that, date the plaintiff filed both exceptions (Practice Book 439) and objections (Practice Book 440) to the report, and the defendant filed objections only.
I know of no authority by which the parties themselves can extend the time prescribed by the Practice Book to file exceptions and objections to an attorney trial referee's report. The parties did not seek an extension of time from the court, but rather decided themselves that the time limits of Practice Book 439 and 441 should be extended. Accordingly, I believe that neither party properly filed exceptions or objections to the attorney trial referee's recommendations, and therefore that these recommendations stand unchallenged in effect.
Even if the stipulation had been proper, the defendant did not file any exceptions to the report and therefore at to it, the factual findings of the referee may not be attacked Burt's Spirit Shop v. Ridgway, 215 Conn. 355, 361,576 A.2d 1267 (1990); Faulkner v. Marineland. Inc,18 Conn. App. 1, 3, 555 A.2d 101 (1989).
In spite of the untimely filing of the exceptions and objections, I have nevertheless evaluated them in order to insure that the case would be determined ultimately merits.
The plaintiff's objections to the report seek the full amount of $47,524 claimed by Fairfield Lumber, and basically attack the referee's finding that the monies paid by Coach Works to complete the project were reasonable. Defendant's objections in essence also attack the referee's findings concerning the reasonableness of certain payments made by Coach Works. The referee disallowed payments made while the general contractor was still working on the project, and payments made to other lienors in order to obtain releases of their liens. The referee concluded that property taxes and mortgage payments were too speculative to be credited to the defendant.
I believe that my responsibility is to determine whether the subordinate facts suffice to support the ultimate factual conclusions, Ruhl v. Fairfield, 5 Conn. App. 104,106, 496 A.2d 994 (1985), and further, whether the conclusions of law are legally sound. Pilato v. Kapur,22 Conn. App. 282, 283, 576 A.2d 1315 (1990). Viewing the referee's recommendations in this light, I have concluded that the subordinate facts do indeed support his ultimate CT Page 2914 conclusions, and that he did not misapply the law as set out, for example, in one of our more recent cases concerning the foreclosure of mechanic's liens by a subcontractor, Rene Dry Wall Co. Inc. v. Strawberry Hill Associates, 182 Conn. 568,573, 438 A.2d 774 (1980)("In determining whether the owner has met the statutory requirements of good faith and reasonableness, the trial court if making a finding of fact.")
In reviewing the objections and exceptions to the report concerning whether defendant's payments to Bottone were made in good faith, and the amount of the reasonable costs of completion of the project, I view them in reality as an attempt by the parties to substitute their versions of the facts for that of the referee, a practice disapproved in Argentis v. Gould, 23 Conn. App. 9, 19, 579 A.2d 1078 (1990). Moreover, as was said in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250, cert. denied, 214 Conn. 804, 573 A.2d 318 (1990); "[I]n a contract action, findings of !fact should be overturned only when they are clearly erroneous."
In summary, the findings of fact and the conclusions the attorney trial referee are accepted in accordance with Practice Book 443, as I find no material error in his recommendations, or any her reason why the report is unacceptable. Judgment may enter for the plaintiff in the amount of $24,462.25. A motion for a foreclosure of the defendant's property should be claimed for the short calendar.
Costs as taxed by the clerk are awarded to the plaintiff.
So Ordered.
Dated at Stamford, Connecticut this 10th day of April 1991.
WILLIAM B. LEWIS, JUDGE