[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves unpaid condominium assessments for Unit 3-L at the Hayes House Condominium on Strawberry Hill Avenue in Stamford. The original owners were Eduardo and Elsa Galves. Their first mortgage to Citibank was foreclosed in an action at the Superior Court in Bridgeport, and the second mortgagee, Pearl-Main Investment Co. (Pearl-Main) of CT Page 6245 West Hartford, redeemed and became the owner of record of Unit 3-L. The plaintiff, Hayes House Condominium Association (Hayes House), seeks to recover the full amount of its unpaid assessment against Pearl-Main.
The plaintiff Hayes House moved for summary judgment and its motion was granted by Judge Katz on December 6, 1990 as to liability only. The issue of damaged was referred to Attorney Trial Referee Edwin K. Dimes, Esq., pursuant to General Statutes S 52-434 (a)4; Practice Book S 428 et seq. The attorney trial referee recommended that judgment enter in favor of the plaintiff for unpaid common charges of $13,284.65, attorney's fees of $15,707.25, and expenses and disbursements of $1604.18, for a total of $30,596.08.
The defendant Pearl-Main filed both a motion to correct and objections to the report on the same day, April 29, 1991; Practice Book 438 and 440 respectively.[1] The motion to correct claimed that a mistake had been made in Citibank's foreclosure in Bridgeport when the plaintiff was granted a law date subsequent to Pearl-Main's law date, and therefore the plaintiff was only entitled to six months of common charges, but not to the full amount of its lien.
In response to the motion to correct, the attorney trial referee stated that since summary judgment as to liability had already been decided by Judge Katz in favor of the plaintiff, his responsibility was limited to a determination of damages. Accordingly, he recommended that judgment enter in favor of the plaintiff and against Pearl-Main as set forth in his original report, and he further pointed out that counsel had agreed that the attorney for the plaintiff could submit an affidavit after the trial regarding attorney's fees.
An analysis of this case begins with the fact that the defendant did not file any exceptions to the referee's report as permitted by Practice Book S 439. It follows, therefore, that the facts found by the referee should be accepted by this court, and our task is ". . . limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions. Practice Book S 440." Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994
(1985). The defendant did file objections to the report, Practice Book S 440 which, as stated in Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989), relate to claims that the conclusions of fact by the referee are not supported by the subordinate facts, or that the referee otherwise erred. CT Page 6246
General Statutes S 47-258, concerning condominium assessments, provides that such assessment takes precedence over both the first and second mortgages for the "six months immediately preceding institution of an action to enforce either the association's lien or a security interest described in subdivision (2) of this subsection." Pearl-Main concedes that as the successor in interest to Mr. and Mrs. Galves it owes six months of common charges to the plaintiff, but denies that it owes the total lien of $13,284.65, for the reason that only the first six months of the assessment takes precedence over its mortgage.
I believe that this issue was foreclosed by Judge Katz's decision of January 3, 1991, in response to a motion by Pearl-Main for "articulation", in which she stated that summary judgment had been granted for the reasons set forth in plaintiff's memorandum of law dated April 24, 1990. The essence of this memorandum was that in the foreclosure action in Bridgeport, Citibank v. Galves, et al (CV 89 258096), a law day had been assigned to the plaintiff which was subsequent to the law day for Pearl-Main. When Pearl-Main redeemed, it took the premises subject to the lien of Hayes House for the full amount of its condominium charges. Pearl-Main later claimed that this scheduling of law days was an error and that Hayes House should not have been granted a law day subsequent to its own law day. The court in Bridgeport, however, refused to reopen its judgment of foreclosure, and hence Hayes House became entitled to the full amount of its assessment.
The plaintiff claims that this result is required by General Statutes S 47-258, which provides that a condominium association, in addition to its so-called super lien for six months, also has the right to collect its total assessment once the first and second mortgages have been satisfied. The plaintiff argues that since both the first mortgage to Union Trust and the second mortgage to the defendant Pearl-Main were fully satisfied in the foreclosure proceedings in Bridgeport, its right to the balance of its assessment is clear, and Judge Katz agreed in granting summary judgment. I see no reason to reject the attorney trial referee's recommendation as to the recovery of the full amount of the lien. Practice Book S 443.
With respect to attorney's fees, General Statutes S 47-258(g) provides that; ". . . [a] judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party". The affidavit of plaintiff's counsel requests a fee of $15,707, based on some 170 hours spent on this matter. I agree that CT Page 6247 this case required a considerable amount of effort by plaintiff's counsel, including a one-day trial before the attorney trial referee, preparation and argument of the motion for summary judgment, and resisting a motion to dismiss. Nonetheless, I believe that the fees are limited to this particular action, and should not include legal fees incurred by Pearl-Main in the Bridgeport action by Citibank to foreclose its mortgage. This distinction appears to be a matter of law, in which the court is not bound by the attorney trial referee's recommendations, as is the case with findings of fact. Pilato v. Kapur, 22 Conn. App. 282,283, 276 A.2d 1315 (1990). Accordingly, I believe, based on a review of the file and such factors as degree of difficulty and measure of success, that a reasonable fee incurred in connection with this particular action only is $7500. See Appliances, Inc. v. Yost, 186 Conn. 673, 680-81,443 A.2d 485 (1982).
With respect to costs as referred to in General Statutes S 47-258 (g), I believe that this does not include expenditures for such items as photocopying, telephone, Federal Express, as claimed by the plaintiff, but rather that reference is to General Statutes S 52-257.
Accordingly, judgment may enter for the plaintiff to recover its lien for common charges in the amount of $13,284.65, plus $7500 legal fees, and costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut this 19th day of July, 1991.
WILLIAM B. LEWIS, JUDGE