The issues before the court are:
1. Whether the court should sustain the objection and exceptions to the referee's reports.
2. Whether the court should accept the referee's reports and render judgment thereon.
It is found that the court should overrule the objection and exceptions to the referee's reports and accept the referee's reports and render judgment thereon.
The following facts are alleged in the complaint. The plaintiffs, Albert C. Mieczakowski and Kathleen C. Mieczakowski, entered into a contract with the defendant, Huntington Homes, Inc., whereby plaintiffs would purchase a new dwelling (the "home") constructed by the defendant. In the first count of the complaint, the plaintiffs allege that they have suffered monetary CT Page 5562 loss because of the defendant's negligent construction of the home. In the second count, the plaintiffs allege that they have suffered monetary loss because of defects in the home and that these defects constitute a breach of an express warranty of materials and workmanship contained in the contract.
On March 19, 1991, the court referred the matter to Attorney State Trial Referee James W. Bracnaro. On October 25, 1991, the defendant filed a request for findings of fact. (See Request for Findings of Fact, #127.) On November 1, 1991, the referee reported to the court that judgment should be rendered in favor of the plaintiffs in the amount of $2,582.00. (See Report, #130.) Subsequently, both plaintiffs and the defendant filed motions to correct the referee's report. (See Motion, #131; Motion, #133.) The referee denied both of these motions by supplemental report filed December 10, 1991. (See Supplemental Report, #136.) The referee also filed an articulation of his reports on December 27, 1991. (See Articulation, #143.)
The plaintiffs now move the court to accept the reports of the referee and render judgment thereon. (See Motion, #140.) The defendant objects to the motion for acceptance and also excepts to certain of the referee's findings. (See Objection, #137; Exceptions, #139).
"Having no power to render a judgment, an attorney referee is simply a fact finder whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book 428 through 445." Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496, 502,508 A.2d 415 (1986). "The reviewing court must correct the finding where material facts have been found without evidence or in ambiguous language and also where undisputed facts have been omitted. Practice Book 439." Id., 503. Practice Book 443 provides:
 The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the [referee] has materially erred in his rulings or that by reason of material corrections in his findings on the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another [referee] for a new trial or revoke the reference and leave the case to be disposed of in court.
 The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found.
CT Page 5563
Kolenberg v. Board of Education, 206 Conn. 113, 117 n. 3,536 A.2d 577, cert. denied, 487 U.S. 1236, 108 S.Ct. 2903,101 L.Ed.2d 935 (1988) (alterations in original). The trial court is bound by the referee's findings of fact but not by the referee's conclusions of law. Pilato v. Kapur, 22 Conn. App. 282, 283,576 A.2d 1315 (1990).
I. Refusal to Consider Defendant's Requested Findings of Fact
The defendant objects to the referee's report on the ground that the referee impermissibly failed to consider the defendant's requested findings of fact. The referee stated that he refused to consider them on the ground that they did not comply with Practice Book 435 for various reasons. (See, Articulation, #143).
 Practice Book 435 permits a party to request that an attorney trial referee "make a finding of subordinate facts [and to submit] a statement of facts, or rulings, or claims, he desires the [referee] to incorporate in the report." There is, however, no authority that requires a referee specifically to consider each proposed finding of fact or to include it in the report.
Argentinis v. Gould, 23 Conn. App. 9, 18, (1990), modified on other grounds, 219 Conn. 151, 592 A.2d 378 (1991) (alterations in original.) Accordingly, regardless of whether the defendant's requested findings of fact fully comported with Practice Book 435, it was not improper for the referee to refuse to consider them.
II. No Evidence to Support Findings of Fact
The defendant argues that there was no evidence to support a number of the referee's findings of fact. The defendant argues that there was no evidence to support the finding that the repair of the plaintiffs' skylight stopped a leak around the plaintiffs' bay window. The defendant concedes, however, that Albert Mieczakowski testified that the leak around the bay window stopped after the skylight was repaired. (See Transcript, #144, Testimony of Albert Mieczakowski, June 11, 1991, pp. 11, 14-15). Accordingly, the defendant has failed to prove that this fact was found without evidence.
The defendant also objects to the referee's finding that the amount of damages from the breakage of a glass globe from a light fixture was $70 because this amount was based solely on Mr. Mieczakowski's testimony that he paid $70 or $80 for a replacement fixture. The defendant argues that there was no evidence that the replacement of the entire fixture was an appropriate repair or that the damages found related to the broken glass on the day of the breach. Wesley R. Blakeman, the president of the CT Page 5564 defendant, testified, however, that the fixture was a discontinued model. (Transcript, #146, Testimony of Wesley R. Blakeman, October 11, 1991, p. 61.) Mr. Mieczakowski testified that he had to replace the entire fixture because he could not find a replacement globe. (Transcript, #144, Testimony of Albert Mieczakowski, October 11, 1991, p. 3, 41-42.) Accordingly, it is found that the defendant has failed to prove that the finding that the replacement of the entire fixture was an appropriate remedy was made without evidence. Furthermore, when a contractor negligently breaches his contract, "[t]he measure of damages . . . is the reasonable cost of repairs necessary to restore the [defective item] to its original intended condition and use under the contract. See Restatement, Contracts 346." Johnson v. Flammia, 169 Conn. 491,499, 363 A.2d 491 (1975). Therefore, the cost of the replacement fixture was the proper measure of damages in this case.
The defendant also objects to the finding that the plaintiff paid J J Contractors $1,400.00 to repair the defective landscaping of the front yard. The basis for this argument is the conflicting testimony given by Mr. Mieczakowski. There is undisputed testimony that no grass grew in either the front or rear yards. Mr. Mieczakowski initially testified that he had paid $1,800.00 to Cawthra Landscaping to landscape the front yard and paid them an additional $1,400.00 to landscape the back yard. (Transcript, #148, Testimony of Albert Mieczakowski, August 14, 1991, pp. 11, 13, 28). Later Mr. Mieczakowski testified that he paid J J $1,400.00 to landscape the front yard.(Transcript #144, Testimony of Albert Mieczakowski, October 11, 1991, pp. 5-6.) Dean Cawthra of Cawthra Landscaping testified that although his company had done the original landscaping for the defendant prior to the closing date, it did no landscaping work for the plaintiffs nor did it receive any payments from the plaintiff. (Transcript, #146, Testimony, #146 Dean Cawthra, October 11, 1991, pp. 2-5). "Weighing the evidence and judging the credibility of witnesses is the function of the [attorney trial referee] and this court will no usurp that role. Temple v. Meyer, 208 Conn. 404, 407,544 A.2d 629 (1988)." Faulkner v. Marineland, Inc., 18 Conn. App. 1, 4,555 A.2d 1001 (1989). Accordingly, despite the contradictory testimony, it is clear that the defendant has failed to prove that the finding of the referee that the plaintiffs had paid $1,400 to J J Contractors was made without evidence.
III. Improper Award of Prejudgment Interest
Lastly, the defendant argues that the referee improperly awarded prejudgment interest. The defendant first argues that the referee had no authority to award prejudgment interest because the plaintiffs did not request such an award in their prayer for relief. "It is well established, however, that interest need not specifically be claimed in the demand for damages in order to recover. CT Page 5565 Practice Book 140." Greengarden v. Kuhn, 13 Conn. App. 550,553, 537 A.2d 1043 (188).
The defendant further argues that the award of prejudgment interest was improper because the referee failed to make a finding that the defendant had wrongfully detained money damages due the plaintiffs. The defendant cites West Haven Sound Development Corporation v. West Haven, 207 Conn. 308, 321,531 A.2d 8S8 (1988). The case cited by the defendant does not support its contention. Although the West Haven Sound court held that "the trial court must ascertain whether the defendant has wrongfully detained money damages due the plaintiff" in order to award prejudgment interest, the court did not impose a requirement that the trial court must make a formal finding on this issue. Id. (Emphasis added.) Furthermore, Practice Book 434 states that "[t]he report should ordinarily state only the ultimate facts found." Accordingly, it is clear that the referee was under no obligation to make a specific formal finding that the defendant had wrongfully withheld money due the plaintiff.
The defendant argues that the award of prejudgment interest was improper in this case because the amount of damages due the plaintiff was unliquidated. It is noted that Pilato v. Kapur, supra, is dispositive of this issue. The plaintiff in Pilato sued for damages arising from an oral contract under which he agreed to supervise the construction of a house for the defendants. Id., 283. The matter was referred to an attorney trial referee who reported to the court that judgment should enter in favor of the plaintiff. Id. The attorney trial referee refused to award prejudgment interest on the ground that the sums allegedly due the plaintiff were not liquidated. Id. The trial court sustained the plaintiff's objection to the referee's report and awarded prejudgment interest. Id. The Appellate Court reversed, stating:
 Interest, however, is an element of damages and, thus, the decision as to whether interest should be awarded is within the province of the trier of fact. Canton Motorcar Works, Inc. v. DiMartino, 6 Conn. App. 447, 464, 505 A.2d 1255, cert. denied, 200 Conn. 802, 509 A.2d 516 (1986). Here, the attorney trial referee, as the finder of fact, should have been allowed to determine whether interest was appropriate. It was improper for the trial court to make this determination and thus invade the factfinder's province.
Id., 283-84. Accordingly, it is found that the defendant has failed to prove that the award of prejudgment interest was improper because of the amount of damages due the plaintiffs was unliquidated. See also General Statutes 37-3a (allowing prejudgment interest as part of an award of damages). CT Page 5566
The defendant lastly argues that the award of prejudgment interest was improper because the referee reported to the court that the interest should be calculated from May, 1985, and there is no relation between the defects to that time other than that it was when the plaintiffs paid for the remedial landscaping. The award of prejudgment interest is ordinarily calculated from the breach of a contract, not the dates on which repairs took place. West Haven Sound Development Corporation v. West Haven, supra, 322, citing Sabo v. Strolis, 148 Conn. 504, 506,172 A.2d 609 (1961) (interest allowed from date of breach of construction contract.) Evidence in the record of the hearing before the referee indicates that the defects were present in the home at the date of the closing, November 14, 1983, or shortly thereafter. (See Transcript, #144, Testimony of Albert Mieczakowski, October 11, 1991, p. 3 (globe missing); Transcript, #145, Testimony of Albert Mieczakowski, June 11, 1991, p. 7 (closing occurred on November 7, 1983); p. 10 (bay window discovered leaking by January, 1984); p. 24 (basement door misaligned); pp. 25-26 (landscaping not done); Transcript, 148, Testimony of Albert Mieczakowski, August 14, 1991, p. 61 (exterior painting incomplete). Because "the demands of justice rather than through the application of an arbitrary rule" guide the award of prejudgment interest; West Haven Sound Development Corporation v. West Haven, supra, 321; it was not erroneous for the trial referee to recommend that the award of prejudgment interest be calculated from the date on which the plaintiffs paid for the repair of the landscaping, which was by far the most extensive repair. (See Report, #130.) Furthermore, any error in calculating the award of prejudgment interest from a date roughly one and one half years after the breach is harmless as far as the defendant is concerned. See Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509,526-27, 562 A.2d 1100 (1989).
The Motion to accept the referee's report is granted.
The Motions #137 and #139 are overruled.
Judgment may enter.