[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether the court should accept the report of the attorney trial referee and overrule the objections to the findings of fact of the attorney trial referee.
It is found that the court should accept the report of the attorney trial referee and overrule the objections to the findings of fact of the attorney trial referee.
The following facts are alleged in the complaint. The plaintiff, Lanier Worldwide, Inc., formerly known as Harris/3M Document Products, Inc., is a domestic corporation with a principal place of business in Milford, Connecticut. The defendant, Joseph W. LaVoie, d/b/a Central Connecticut Caterers, has a principal place of business in Wallingford, Connecticut. The defendant entered into a purchase security agreement with the plaintiff regarding a photocopying machine CT Page 9335 hereafter the "copier"). In accordance with the agreement, the defendant currently owes the plaintiff $3,748.16. The defendant has failed to pay this balance despite demand. The plaintiff also seeks counsel fees and costs of collection pursuant to the agreement.
The defendant has interposed a counterclaim which alleges that the defendant was not informed that the copier was subject to service problems, that the plaintiff fraudulently induced the defendant to buy the copier, and that the actions of the plaintiff constitute violations of the provisions of the Connecticut Unfair Trade Practices Act, General Statutes42-110a through 42-110q.
The matter was referred to Linda M. Fogler, Attorney State Trial Referee. On August 26, 1991, the referee submitted her findings of fact with the court. The referee recommended that judgment should enter in favor of the plaintiff on the complaint and on the counterclaim in the amount of $3,534.72 plus attorney's fees and costs. The plaintiff moves for acceptance of the referee's report. The defendant objects to the acceptance of the referee's report.
"Having no power to render a judgment, an attorney referee is simply a fact-finder whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book 428 through 445." Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496,502, 508 A.2d 415 (1986). Practice Book 443 provides:
 The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the [referee] has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another . . . [referee] for a new trial or revoke the reference and leave the case to be disposed of in court.
"`The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed CT Page 9336 or strike out a fact improperly found.'" Kolenberg v. Board of Education, 206 Conn. 113, 117-118 n. 3, 536 A.2d 577, cert. denied, 487 U.S. 1236, 108 S.Ct. 2903, 101 L.Ed.2d 935
(1988). The trial court is bound by the referee's findings of fact but not by the referee's conclusions of law. Pilato v. Kapur, 22 Conn. App. 282, 283, 576 A.2d 1315 (1990).
On September 9, 1991, pursuant to Practice Book 440, the defendant filed "Objections to Acceptance of Finding of Facts," in which he "specifically objects to the fact-finders conclusions because they fail to find a breach of the maintenance agreement by the Plaintiff . . ." No. 115. The defendant also argues that "[t]he fact-finder, without any evidence, made a finding that the Defendant had bought an `older model' machine." Id.
 "Practice Book 438 requires that a party challenging the factual findings of an attorney trial referee must file a motion to correct with the trial court within two weeks after the filing of the referee's report. The defendant, however, failed to file such a motion in the present case. Having filed no motion to correct any of the facts found by the trial referee, the defendant has waived any right to attack the subordinate factual findings contained in the report." (Citations omitted.)
Wierzbicki v. Somers Builders, Inc., 15 Conn. App. 817, 818-19,543 A.2d 792 (1988).
Regarding the defendant's objection to the referee's failure to conclude that the plaintiff had breached the maintenance agreement, it is found that such a conclusion was not warranted by the subordinate facts. In her report, the referee specifically found that "[n]o credible evidence was presented that Lanier breached its maintenance agreement or that it failed to disclose any prior service problems with the machine to LaVoie." No. 113, Report of Fact-Finder, p. 2. Therefore, the referee did not err in failing to conclude that the plaintiff had breached the maintenance agreement.
Concerning the defendant's challenge to the referee's finding that the defendant had bought an older model machine, the court finds that this is an attack on a subordinate factual finding. Under the relevant case law, the defendant has waived CT Page 9337 his right to make such an attack. See Wierzbicki v. Somers Builders, Inc., supra.
Accordingly, the defendant's objection is overruled, and the court grants the plaintiff's motion for acceptance and renders judgment on the report pursuant to Practice Book 442.
McGRATH, J.