HOWARD R. STAUB *v.* ALICE ANDERSON

KING, C. J., MURPHY, SHEA, ALCORN and PALMER, Js.

Argued November 7, 1963—decided February 18, 1964

*Clifton F. Weidlich,* for the appellant (plaintiff).

*Joseph J. Mager,* for the appellee (defendant).

SHEA, J. Howard R. Staub brought this action of replevin to recover an automobile, claiming right of possession. The United States marshal for the district of Connecticut had seized the automobile on November 9, 1960, under a writ of execution issued pursuant to a judgment which had been rendered against Staub in an admiralty action in the United States District Court for the district of Connecticut. The marshal gave notice to Staub that he would sell the automobile on November 23, 1960. The car was, in fact, sold on November 22, 1960, to Rudolph Anderson, who gave it to his wife, the defendant. In his complaint, Staub alleged that the marshal, in selling the car, failed to comply with § 52-356 of the General Statutes and that the sale was void. The defendant, in her answer, denied the material allegations of the complaint and alleged by way of special defense that the sale of the car was made pursuant to Admiralty Rule 40 and that she had legal title to the property. The court rendered judgment for the defendant, and Staub has appealed.

The writ of execution was issued by the United States District Court, sitting in admiralty, to satisfy a judgment in personam. A proceeding in admiralty may be in rem or in personam or both. An

in rem action is commenced by arresting, i.e., attaching, the ship, thus bringing it under the control of the court. If an action in personam against the shipowner has been joined to the action in rem against the ship, the libelant, i.e., the judgment creditor, may by writ of execution seek to satisfy his judgment by other means if the proceeds from sale of the res are insufficient. The defendant's claim that Admiralty Rule 40 controls the procedure on such an execution cannot be supported.[1] Rule 40, relating to judicial sales in admiralty, involves the sale of the res. Such a sale is distinguishable from a sale on execution to satisfy the deficiency in an in rem action or the judgment in an in personam action. Such an execution sale transfers only whatever right, title and interest the judgment debtor may have in the property. Gilmore & Black, The Law of Admiralty, pp. 31, 32, 652; *The Morning Star*, 5 F. Sup. 502, 503 (E.D. N.Y.).

Sales on execution are governed by Admiralty Rule 20, which provides: "In all cases of a final decree for the payment of money, the libellant shall have a writ of execution, in the nature of a fieri facias, commanding the marshal or his deputy to levy and collect the amount thereof out of the goods and chattels, lands and tenements, or other real estate of the respondent, claimant, or stipulators. And any other remedies shall be available that may exist under the state or federal law for the enforcement of judgments or decrees." The second sen-

---

[1] "ADMIRALTY RULE 40. SALES IN ADMIRALTY.—All sales of property under any decree of admiralty shall be made by the marshal or his deputy, or other proper officer assigned by the court, where the marshal is a party in interest, in pursuance of the orders of the court; and the proceeds thereof, when sold, shall be forthwith paid into the registry of the court by the officer making the sale, to be disposed of by the court according to law."

tence of this rule makes available for enforcement of the judgment any state or federal remedies in addition to the writ of execution provided for in the first sentence. Therefore, the second sentence implies that either a state or a federal writ of execution is available, but the only federal reference to an execution or fieri facias is found in 28 U.S.C. § 2005, which requires service in conformity with state law. The United States statutes have never outlined a procedure for writs of execution. Rule 69 of the Federal Rules of Civil Procedure, which is the analogue of Admiralty Rule 20, explicitly adopts state practice. State procedure was always used prior to the adoption of the federal rules in 1938. Rev. Stat. § 916 (1875). See the detailed historical discussion in 7 Moore, Federal Practice, ¶¶ 69.01–69.04.

Federal courts have recognized the absence of any special procedures for execution in admiralty cases. *Ward* v. *Chamberlain*, 67 U.S. (2 Black) 430, 17 L. Ed. 319; *Steam Stone-Cutter Co.* v. *Sears*, 9 Fed. 8, 10 (D. Vt.). More recent cases in admiralty clearly indicate that federal courts sitting in admiralty assume without controversy that plaintiffs can resort to state procedures under Rule 20 for the enforcement of admiralty decrees. *Archawski* v. *Hanioti*, 129 F. Sup. 410, 412 (S.D. N.Y.); see also *Panteloglou* v. *Cia. de Navegacion San George, S.A.*, 303 F.2d 641, 643 (2d Cir.); *Archawski* v. *Hanioti*, 239 F.2d 806, 810 (2d Cir.).

It is evident from the record that the marshal was attempting to follow state procedure in carrying out the execution in the present case. It is undisputed that the marshal posted notice of the sale on November 9 and sold the car on November 22, a date which was less than fourteen days after

notice. This procedure was in violation of § 52-356 of the General Statutes. The execution sale was therefore void and illegal, and title to the car did not pass to the purchaser. *Morey* v. *Hoyt,* 65 Conn. 516, 524, 33 A. 496.

The conclusion of the trial court that Staub did not prove title to the car at the time of the sale cannot stand. His ownership of the car was admitted in the pleadings.

Staub is entitled to possession of his car. A new trial will be necessary to assess damages for its unlawful detention.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff for possession of the automobile and to recover such damages for the unlawful detention of the automobile as he may prove on a new trial limited to the issue of damages.

In this opinion the other judges concurred.