HOWARD R. STAUB *v.* ALICE ANDERSON

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 4—decided June 22, 1965

*William F. Weidlich,* with whom, on the brief, was *Clifton F. Weidlich,* for the appellant (plaintiff).

*Joseph J. Mager,* for the appellee (defendant).

SHANNON, J. This is an appeal by the plaintiff from a judgment in his favor in an action of replevin for possession of an automobile and for damages after a new trial limited to that issue in accordance with the direction of this court in *Staub* v. *Anderson,* 151 Conn. 384, 198 A.2d 207. The defendant had unlawfully obtained and retained possession and use of the plaintiff's car from November 22, 1960, until it was replevied on May 18, 1961.

The plaintiff waived any claim for loss of use but claimed that he was entitled to the depreciation in the value of his car from the time of taking to the date of the second trial, June 9, 1964. The court concluded that the plaintiff was not entitled to recover for depreciation after May 18, 1961, the date of replevin. This conclusion is the only assigned error pursued in the plaintiff's brief, and so the other errors assigned are treated as abandoned.

Replevin is a purely statutory action. General Statutes § 52-529; *M. Itzkowitz & Sons, Inc.* v. *Santorelli,* 128 Conn. 195, 198, 21 A.2d 376. Section 52-515 of the General Statutes authorizes the recovery of damages for such a wrongful detention as occurred in this case. Depreciation in value during the period of detention is a proper element of damages. The right to damages for depreciation in value under the statute ceases upon the termination of the detention, which occurred here on May 18, 1961. Cf. *Ralph N. Blakeslee Co.* v. *Rigo,* 94 Conn. 481, 485, 109 A. 173.

There is no error.

In this opinion the other judges concurred.