The limited issue which is dispositive of this appeal is whether the trial court was justified in finding that the plaintiff had abandoned her personal property.
The facts as found by the trial court may be summarized as follows: The plaintiff was a tenant of an apartment rented to her by the defendant. In August, 1973, the plaintiff and her children were required to vacate the apartment which was in urgent need of redecorating because its physical condition was a health hazard to the plaintiff's children. When the plaintiff moved from the apartment she took some of her possessions and some of her children's possessions, but she left behind many items and belongings. Among the items left behind were dishes, silverware, children's clothing, four winter coats, three bureaus, a table and chairs, a radio, and a tool set. The defendant inspected the apartment, found the place "in a mess" and concluded that the items remaining were abandoned junk. The defendant's workers removed the items from the apartment and placed them in a pile in the yard where they were left unprotected and exposed to rain. Subsequently, the property was removed to the junk yard by order of the police. The court found that the plaintiff had abandoned the personal property she left in the apartment. *Page 734 
Abandonment implies a voluntary and intentional relinquishment of a known right. Bianco v. Darien,157 Conn. 548, 556; Sharkiewicz v. Lepone,139 Conn. 706, 707; Glotzer v. Keyes, 125 Conn. 227,233. If that test is applied to the facts of this case, the record does not support the court's finding of abandonment. The plaintiff was a tenant of the defendant's. As such she had the exclusive right to the possession of her apartment. Bentley v. Dynarski, 150 Conn. 147,150. Nothing in the finding suggests that her right to possession had terminated for any reason. In the absence of an agreement to the contrary, the landlord had no right to enter it without her consent. Central Coat, Apron Linen Service, Inc. v. Indemnity Ins. Co., 136 Conn. 234, 237. The plaintiff did not move out voluntarily. She was required to leave because the physical condition of the apartment exposed her children to a health hazard. There is no finding that the plaintiff permitted the defendant to enter the apartment for any purpose other than to make necessary repairs. The numerous personal belongings which she left behind, items such as winter clothing, sheets, blankets and pillow cases, bureaus, a table and chairs, bespeak an expectation of early return and not of permanent removal. The plaintiff's property rights are not measured by the state of her finances. However humble her possessions, they were hers to use. The fact that the defendant considered those possessions rags and junk gave him no right to exercise dominion over them. The removal of the plaintiff's property from the apartment and its exposure to the elements, under the circumstances of this case, constituted a conversion. VanDerlip v. VanDerlip, 149 Conn. 285,288; Coleman v. Francis, 102 Conn. 612, 615. Since the plaintiff's removal from the apartment was involuntary and since there is no evidence of any other act by the plaintiff prior to the conversion from which one could reasonably infer a voluntary *Page 735 
relinquishment by the plaintiff of her right to her possessions, the court's finding of abandonment cannot stand.
The plaintiff is entitled to a judgment because of the conversion of her property. A new trial will be necessary to assess damages. Staub v. Anderson, 151 Conn. 384, 388.
 There is error, the judgment on the complaint is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as she may prove on a new trial limited to the issue of damages.
In this opinion D. SHEA and SPONZO, Js., concurred.