[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The judgment creditor, The Cadle Company,[1] seeks to enforce a money judgment obtained against the judgment debtors, Glen Developers, Dominick Sanzo and Peter Sanzo. The judgment arose out of the parties' failure to make payments when due and owing under the terms of a note, mortgage and guarantee agreement that the parties entered into with Fleet Bank.
On December 12, 1986, Glen Developers executed a note and mortgage in favor of Fleet Bank in the principal amount of $2,500,000. Also, on December 12, 1986, Dominic Sanzo and Peter Sanzo executed a guaranty agreement on behalf of Glen Developers in favor of Fleet Bank. In their guaranty agreement, Dominic Sanzo and Peter Sanzo guaranteed the payment and performance of any and all of the obligations of Glen Developers to Fleet Bank pursuant to the terms of the note and mortgage. Glen Developers, Dominic Sanzo and Peter Sanzo failed, however, to make payments for which they were obligated to make under the terms of the note, mortgage and guaranty agreement. On or about November 30, 1992, therefore, Fleet Bank filed suit against Glen Developers, Dominic Sanzo and Peter Sanzo.
On December 20, 1994, the trial court, Moran, J., granted the judgment creditor's motion for judgment in accordance with stipulation executed by both the judgment creditor and the judgment debtors. Under the terms of the stipulated judgment, the judgment debtors owed the judgment creditor $310,950.82, to be paid over time upon the completion of certain requirements. The judgment debtors failed, however, to meet the requirements of the stipulated judgment and to make full payment to the judgment creditor.
Sometime after December 20, 1994, the judgment creditor learned through postjudgment discovery that the judgment debtor, Dominic Sanzo, is the owner of an undivided one half interest in a mortgage note dated February 3, 1993, made payable to Dominic and Katherine Sanzo, the judgment debtor's wife. The mortgage note was given to the judgment debtor and his wife by Q.V. Limited Partnership. The principal amount of the mortgage note is $835,000. CT Page 14418
On May 11, May 16, and May 17, 2000, the judgment creditor, in an effort to collect on the money judgment, served property executions upon the judgment debtor, Katherine Sanzo and the judgment debtor's attorney of record, Day, Berry Howard, LLP, demanding that the original mortgage note be turned over to the judgment creditor for an execution sale to satisfy the judgment creditor's outstanding judgment. Despite the demands of the sheriff, however, neither the judgment debtor, Katherine Sanzo nor Day, Berry Howard turned over the original mortgage note. The parties claim that the original mortgage note has been either lost or misplaced and, therefore, they are unable to turn it over to the judgment creditor at the present time.
On May 26, 2000, the judgment creditor filed an application for orders in aid of execution seeking an order from the court directing the judgment debtor to deliver the original mortgage note or, in lieu of the original mortgage note, a lost note affidavit to the judgment creditor or appropriate levying officer for an execution sale pursuant to General Statutes §§ 52-356a and 52-356b. The judgment creditor has submitted a memorandum of law in support of its application for orders in aid of execution. On September 21, 2000, the judgment creditor filed a supplemental memorandum of law in support of the application for orders in aid of execution.
On September 25, 2000, the judgment debtor and Katherine Sanzo filed a position statement and brief objecting to the relief requested by Cadle and appealing to the equitable powers of the court to issue an order which recognizes the rights of the judgment creditor while at the same time avoids harm to the judgment debtor and Katherine Sanzo. On September 25, 2000, the judgment creditor filed a reply to the judgment debtor's position statement and brief.
 DISCUSSION
General Statutes § 52-356b (a) provides in relevant part that "[i]f a judgment is unsatisfied, the judgment creditor may apply to the court for an execution and an order in aid of the execution directing the judgment debtor, or any third person, to transfer to the levying officer either or both of the following: (1) Possession of specified personal property that is sought to be levied on; or (2) possession of documentary evidence of title to property of, or a debt owed to, the judgment debtor that is sought to be levied on."
The judgment creditor argues that it is entitled to an execution sale of the judgment debtor's undivided one half interest in the mortgage note because the judgment creditor holds a money judgment against the judgment debtor, which remains unsatisfied, and the mortgage note is nonexempt CT Page 14419 personal property subject to a turnover order. The judgment creditor further argues that § 52-356b provides judicial assistance in obtaining physical possession of the original mortgage note so as to permit a levy and execution sale.
The judgment creditor argues that in order to conduct an execution sale, and to be in a position to vest the purchaser with the status of a "holder" and, therefore, one who is "entitled to enforce the instrument" under the applicable provisions of the Uniform Commercial Code pursuant to § 42a-3-301,[2] the court should order the turnover of the original mortgage note or, in lieu of the original mortgage note, a lost note affidavit signed by the judgment debtor. The original mortgage note or lost note affidavit should be delivered to the judgment creditor or to the appropriate levying officer who shall execute the sale of the judgment debtor's undivided one half interest in the mortgage note and then deliver the original mortgage note to a court appointed custodian who will hold it for the joint benefit of Katherine Sanzo and the execution sale purchaser. The judgment creditor argues that this will permit the proper levy and execution sale of the judgment debtor's undivided one half interest in the mortgage note while at the same time permitting Katherine Sanzo to retain her one half interest in the mortgage note and all the rights attendant to such an interest.
The judgment debtor opposes an execution sale of his undivided one half interest in the mortgage note claiming that both he and Katherine Sanzo, against whom there is no money judgment, are unfairly disadvantaged by an execution sale that is likely to result in the purchase of the mortgage note at a fire sale price and leave the judgment creditor with the prospect of a windfall. The judgment debtor argues that because it is not known how such an execution sale will effect the collection of the mortgage note or issues of confidentiality surrounding the mortgage note, which will arise if the obligor on the mortgage note purchases the interest.of the judgment debtor, the mortgage note should not be turned over for sale. Moreover, the judgment debtor argues that any execution sale should be stayed until the subsequent federal action brought by the judgment creditor against Dominic and Katherine Sanzo for fraudulent transfers, currently pending in the district court, is decided.
"A money judgment . . . is directly enforceable . . . against any property of the judgment debtor that is not statutorily exempt [under § 52-350f]. . . ." (Citation omitted.) Doe v. Heintz, 204 Conn. 17,32, 526 A.2d 1318 (1987). "In all cases of a final decree for the payment of money [such as in the present case], the [judgment creditor] shall have a writ of execution . . . commanding the marshal or his deputy to levy and collect the amount thereof out of the goods . . . lands . . . or other real estate of the [judgment debtor]. . . ." (Internal quotation CT Page 14420 marks omitted.) Staub v. Anderson, 151 Conn. 384, 386, 198 A.2d 207
(1964).
Section 52-356a (a)(1) sets forth the procedure for issuing a writ of execution against the nonexempt personal property of a judgment debtor. It provides in relevant part that "[o]n application of a judgmentcreditor . . . the clerk of the court in which the money judgment was rendered shall issue an execution. . . ." (Emphasis in original; internal quotation marks omitted.) Anthony Julian Railroad Construction Co. v.Mary Ellen Drive Associates, 50 Conn. App. 289, 297, 717 A.2d 294
(1998).
Section 52-356b (a) provides assistance to the judgment creditor in aid of the execution. It provides in relevant part that "[i]f an execution is issued, the judgment creditor may apply to the court for an order in aid of execution directing the judgment debtor, or any third party person, to transfer to the levying officer . . . (2) possession of documentary evidence of title to property of, or a debt owed to, the judgment debtor that is sought to be levied on." (Internal quotation marks omitted.) FWWelding Service, Inc. v. ADL Contracting Corp., 217 Conn. 507, 512 n. 8,587 A.2d 92 (1991). According to the plain language of the statute, therefore, "[a]n order of execution is a condition precedent to a turnover order under General Statutes § 52-356b." Cross v. SEInvestment, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 465236 (October 16, 1996, Arena, J.).
Upon an order of execution and the turnover of all nonexempt personal property of the judgment debtor to the judgment creditor or appropriate levying officer, "[t]he judgment debtor's interest in the personal property levied on pursuant to an execution . . . shall be sold. . . ." (Internal quotation marks omitted.) Wilson v. Hryniewicz,51 Conn. App. 627, 630-31 n. 2, 724 A.2d 531, cert. denied, 248 Conn. 904,731 A.2d 310 (1999). "[A]n execution sale-transfers [however] only whatever right, title and interest the judgment debtor may have in the property. . . ." (Citations omitted.) Staub v. Anderson, supra,151 Conn. 386.
In the present case, the judgment creditor is entitled to a turnover of the judgment debtor's undivided one half interest in the mortgage note to satisfy its money judgment. General Statutes §§ 52-356a and 52-356b. The judgment creditor holds an unsatisfied money judgment against the judgment debtor in the amount of approximately $203,202.27, plus postjudgment interest. The judgment debtor's only asset for purposes of satisfying this judgment is an undivided one half interest in the mortgage note given to him and his wife by Q.V. Limited Partnership. Under the General Statutes, the mortgage note is subject to a turnover CT Page 14421 because it is the personal property of a judgment debtor, which is not exempt under § 52-350f from the enforcement of a money judgment, and, therefore, is to be subjected to payment of the judgment debtor's debts. Doe v. Heintz, supra, 204 Conn. 32.
An execution sale of the judgment debtor's undivided one half interest in the mortgage note transfers, however, only whatever right, title and interest the judgment debtor has in the mortgage note himself. Staub v.Anderson, supra, 151 Conn. 386. An execution sale does not transfer to the execution sale purchaser any more rights than the judgment debtor owned in the mortgage note at the time of sale nor does it create any superior right or interest in the mortgage note in favor of the execution sale purchaser. Id. The execution sale purchaser in the present case will be entitled, therefore, only to an undivided one half interest in the mortgage note as a co-owner with Katherine Sanzo.
As for the concerns of the judgment debtor and Katherine Sanzo that the mortgage note may be sold at a fire sale price producing a windfall for the judgment creditor, the court may use its broad equitable powers to prevent the possible manifest unfairness of such a sale. In order to protect the judgment debtor and Katherine Sanzo, therefore, the court orders that it have final approval over any execution sale in order to determine whether reasonable value has been received for the judgment debtor's undivided one half interest in the mortgage note and the sale is fair and in accordance with the law. See e.g., Dime Savings Bank of NewYork v. Grisel, 36 Conn. App. 313, 650 A.2d 410 (1995) ("The trial court . . . acts as a court of equity and has full authority to refuse to confirm a sale on equitable grounds where an unfairness has taken place or where the price bid was inadequate."); Citicorp Mortgage, Inc. v.Burgos, 227 Conn. 116, 121-123, 629 A.2d 410 (1993) ("The determination of what equity requires in a particular case, the balancing of the equities, is a matter of the discretion of the trial court.").
As for the issue of who will pursue the underlying obligation on the mortgage note once the judgment debtor's undivided one half interest is sold, is not for this court to decide and, therefore, need not be addressed in the present case. The court is concerned with the issue of whether the judgment creditor is entitled to a turnover of the judgment debtor's undivided one half interest in a mortgage note in order to satisfy a money judgment, not with the issue of who will pursue the underlying obligation on the mortgage note once the judgment debtor's undivided one half interest is sold. The issue of who will pursue the underlying obligation on the mortgage note once the judgment debtor's interest is sold will be between the execution sale purchaser and Katherine Sanzo. CT Page 14422
As for the pending foreclosure action brought by Dominic and Katherine Sanzo against Q.V. Limited Partnership in the Superior Court and the pending federal action brought by the judgment creditor against Dominic and Katherine Sanzo, the pending actions do not effect the parties' interests or the outcome in the present case. The pending actions do not involve the judgment creditor nor do they effect the judgment creditor's right to a turnover and execution sale on certain personal property of a judgment debtor to satisfy a money judgment. The foreclosure action is between the judgment debtor or subsequent execution sale purchaser, Katherine Sanzo and Q.V. Limited Partnership, not the judgment creditor. The statutes under which the federal action is brought are designed to enable a creditor to set aside assets fraudulently transferred by a debtor, while the statutes under which the application for orders in aid of execution is brought are designed to enable a creditor to levy upon and sell the assets of a judgment debtor to satisfy a money judgment. These actions are very different with respect to the rights and remedies available to the parties.
The judgment creditor in the present case obtained a money judgment against the judgment debtor, which remains unsatisfied, and the judgment debtor owns an undivided one half interest in a mortgage note, which is nonexempt personal property subject to a turnover order. Therefore, the court orders the judgment debtor to deliver the original mortgage note or, in lieu of the original mortgage note, a lost note affidavit such as the one proposed by the judgment creditor, signed by the judgment debtor, to the judgment creditor or appropriate levying officer for an execution sale of only the judgment debtor's undivided one half interest in the mortgage note pursuant to and made in compliance with the provisions of §§ 52-356a and 52-356b. The court further orders that any execution sale be approved by the court to determine whether reasonable value has been received for the judgment debtor's undivided one half interest in the mortgage note and the sale is fair and in accordance with the law.
 Frank S. Meadow Judge of the Superior Court