[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #163
This an action for replevin and damages. The plaintiff, Leasing Technologies International, Inc., alleges that between May 1, 1999, and October 1, 1999, it entered into twelve lease agreements with the defendant, Uniscribe Professional Services, Inc., pursuant to which the defendant leased office and computer equipment from the plaintiff. The terms of the lease agreements required the defendant to make monthly payments of $76,664 to the plaintiff. The defendant allegedly made no payments on any of these leases for the months of August through December of 2000. The plaintiff alleges that the defendant presently owes it close to $3,000,000 in lease payments, accrued interest and late fees. The defendant still has possession of the equipment.
On December 22, 2000, the plaintiff applied for a prejudgment remedy of replevin in which it sought to replevy the equipment from the defendant. On May 7, 2001, after a hearing, the court granted the application, but stayed the action on the replevin for thirty days so that the defendant could prepare the equipment to be picked up by the plaintiff.
On June 12, 2001, the plaintiff filed a three count complaint. In the first count, the plaintiff seeks to replevy the same equipment that is the subject of the PJR application. In the second count the plaintiff CT Page 9128 asserts a cause of action against the defendant for breach of contract pursuant to Article 9 of the lease agreements. The plaintiff claims that it was damaged as a result of the defendant's default of the master lease and the defendant's wrongful retention of the equipment. The third count, alleging breach of a security agreement, was voluntarily withdrawn by the plaintiff.
On July 10, 2001, the plaintiff filed motion #116 for summary judgment. On August 8, 2001, the defendant filed motion #124 to strike the breach of contract count, on the ground that said count violates General Statutes § 52-522 by improperly setting forth a cause of action that may not be brought with a replevin action. The court granted both motions. Leasing Technologies International, Inc. v. UniscribeProfessional Services, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford (November 30, 2001, Lewis, J.T.R.).
On December 4, 2001, the plaintiff amended the second count and added paragraphs which allege that the $2,409,028.00 due under the leases takes into account depreciation and damages for wrongful detention and the salvage value of the equipment should the plaintiff be successful in repossessing some of the equipment.
In a motion filed February 4, 2002, the defendant moves to strike the second count of the plaintiffs writ of replevin and complaint along with its corresponding prayer for money damages on the grounds that in a replevin action, no cause of action may be stated other than replevin and that the amended count adds nothing of substance to the previously stricken count.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. 308. In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book § 10-39(a) (2). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Id. 325. CT Page 9129
The defendant argues that the motion to strike should be granted because the amendment to the second count improperly sets forth a cause of action which may not be brought in a replevin action. In response, the plaintiff asserts that while no other action may be brought in a replevin action, General Statutes § 52-515 authorizes the recovery of damages for the type of wrongful detention which occurred in this case and thus, the motion to strike should be denied.
"In Connecticut, replevin proceedings are governed by statute rather than by the rules that apply to common-law actions of replevin." Corneliov. Stamford Hospital, 246 Conn. 45, 49, 717 A.2d 140 (1998). General Statutes § 52-522 provides, in relevant part: "In an action of replevin, no cause of action, except of replevin or for a conversion of the goods described in the writ of replevin, may be stated." General Statutes § 52-515 states: "The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damagesfor such wrongful detention." (Emphasis added.) Furthermore, "depreciation in value during the period of detention is a proper element of damages in an action of replevin." Faulkner v. Marineland, Inc.,18 Conn. App. 1, 2, 555 A.2d 1001 (1989); see also Staub v. Anderson,152 Conn. 694, 695, 211 A.2d 691 (1965).
Thus, the issue before the court is whether the amended second count, when viewed in the light most favorable to the plaintiff no longer reads as an impermissible cause of action in a replevin case, but rather as an appropriate claim for depreciation damages stemming from the wrongful detention. As previously stated, while a replevin action must be brought alone, a replevin action may properly include depreciation damages for the period of wrongful detention. The plaintiffs amendment seeks the damages suffered by the plaintiff for the "wrongful detention of plaintiffs equipment." The court finds that viewing the amendment in the light most favorable to the plaintiff that the amendment places the second count squarely within the case law and statutory scheme for a replevin action.
Accordingly, the motion to strike is denied because the amendment alleges a permissible claim for damages under § 52-515 and the relevant case law.
So Ordered.
_______________________ D'ANDREA, J.T.R. CT Page 9130